## No. 11,364.

INDUSTRIAL COMMISSION, ET AL. v. EMPLOYERS LIABILITY
ASSURANCE CORPORATION, ET AL.

Decided November 2, 1925.   Rehearing denied December 21, 1925.

Proceeding under the Workmen's Compensation act.
Award to claimant set aside by the District Court.

### Reversed.

1.  WORKMEN'S COMPENSATION—*Supplemental Award.* Failure of the
commission to award a claimant compensation at one hearing,
does not operate to prevent a supplemental award of compen-
sation thereafter, if within its jurisdiction.

2.  *Industrial Commission—Jurisdiction.* An award of the in-
dustrial commission may be set aside by the court if the com-
mission acted without or in excess of its jurisdiction.

3.  *Award—False Testimony.* The industrial commission may
set aside an award based on false or perjured testimony.

4.  *Procedure—Estoppel.* In proceedings under the workmen's
compensation act, a party may by conduct estop himself to
complain of noncompliance with provisions relating to pro-
cedure which are not jurisdictional.

5.  *Procedure—Petition for Review—Estoppel.* Parties to a
workmen's compensation proceeding by their conduct in apply-
ing for, and taking part in, supplemental proceedings before the
industrial commission, held estopped to complain of noncom-
pliance with the provision of the act making an award final
unless petition for its review is filed within ten days.

6.  *Award—Mistake.* Evidence in a workmen's compensation
proceeding held to justify the commission's finding that it had
made an error in withholding compensation at a former
hearing.

7.  *Awards.* All awards of the industrial commission prior to
the final adjudication are tentative awards.

*Error to the District Court of the City and County of
Denver, Hon. James L. Cooper, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, Mr. OTTO FRIEDRICHS, Assistant, Mr. JAMES D. PILCHER, Mr. CHARLES H. WOODARD, for plaintiffs in error.

Messrs. HUGHES & DORSEY, Mr. ARNOLD A. ODLUM, Mr. EDWARD H. MCBRIDE, for defendants in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS case is here upon a writ of error to the district court which set aside an award of the industrial commission. In January, 1921, Jose Sanchez was employed as a blacksmith by the Trinchera Timber Company. While he was engaged in shoeing a horse on the 7th day of January, 1921, the horse jerked and threw him to the floor of the shop with considerable violence. He complained of an injury to his hip, was unable to proceed, and another employee completed the job of shoeing. March 25, 1922, an agreement (apparently ratified by the employer) between the insurer and Sanchez was entered into by which the insurer agreed to pay Sanchez compensation for his injury at the rate of $10.00 per week beginning July 10, 1921, and continuing during his disability. April 27, 1922, the industrial commission upon being advised of this agreement approved the same. Thereafter the insurer and employer petitioned the commission for a review of the award of April 27; their petition alleging that the agreement as to compensation had been made without proper investigation and that Sanchez had not sustained the injury in question in the course of his employment. The industrial commission, upon such application, June 24, 1922, entered upon a review and made a supplemental award continuing the former award of $10.00 per week and in addition thereto allowed Sanchez $200

for medical services. July 3, 1922, the insurer filed another petition asking for a further review. This was granted and on January 30, 1923, the commission made a second supplemental award doing away with all further compensation. Up to this time Sanchez had been paid the sum of $100 under the previous awards thus set aside by the commission. In each one of these orders or awards the commission assumed to reserve jurisdiction by spreading on its records: "This commission does hereby retain jurisdiction of this claim until the same is finally and fully closed". Neither of the foregoing purported to be a final award and the record satisfactorily shows that the commission did not intend to make either of them final but retained jurisdiction until in due course it made a final award.

Plaintiffs in error say that Sanchez, the claimant, is a Spanish-American citizen of Colorado, unable to read or write the English language, unfamiliar with court or industrial commission procedure, and incapable of understanding their true import or the reasons for the various awards hereinbefore mentioned. Early in the year 1924 Sanchez consulted local attorneys who appear for him in this proceeding along with the Attorney General. These attorneys examined the record of the proceedings before the industrial commission and wrote a letter to that body that their examination of the record convinced them that the award of the commission of January 30, 1923, doing away with further compensation, had been brought about by false testimony and that other testimony which was considered essential had not been introduced. The commission then upon its own motion, and proceeding as it believed was proper under section 4484, C. L. 1921, being section 110, p. 745, of the Session Laws of 1919, resumed jurisdiction, and reviewed the case and on April 23, 1924, entered an order directing its referee to hold a further hearing for the purpose of receiving testimony which might be offered. This order was complied with by the referee who conducted a hearing at Alamosa. Notice

thereof was given to the claimant and to the employer and insurer. They were represented by counsel at the hearing where evidence was taken. It seems that the false testimony which it is claimed by Sanchez brought about the award discontinuing further compensation, was given by a coemployee of the timber company and this alleged false testimony was that Sanchez's physician had stated to the witness that before this injury he had treated Sanchez professionally for tuberculosis and social diseases which led the commission to find that the injury, if any, was not one that arose in the course of his employment, but that it was due to the diseases in question. Upon this last hearing at Alamosa the industrial commission, upon its finding that there was error and mistake upon its part in the previous denial order, corrected the same by entering a supplemental award on February 19, 1925, thereby making a substantial allowance to the claimant. The defendants in error, the insurer and employer, asked for, and were granted a rehearing of this award of February 19, 1925, and on the rehearing the commission on March 16, 1925, approved the same and entered it as its final award in the case. It is from this final award of March 16, 1925, as we understand the record, that the case was taken to the district court and set aside by that tribunal and it is this judgment setting aside such final award that we are asked now to review.

Section 4844, supra, so far as material here, reads: "Upon its own motion on the ground of error, mistake or a change in conditions, the commission may at any time after notice of hearing to the parties interested, review any award and on such review, may make an award ending, diminishing, maintaining or increasing the compensation previously awarded."

We premise our discussion by repeating here, what in effect we have said in a number of previous cases, that the records of the industrial commission are not always kept with that precision, fullness and accuracy which ought to be observed in the important matters that come before

it.   It may be that such defects or incompleteness are not to be charged against the commission.   The General Assembly in its laudable attempt to minimize the costs of such proceedings and to facilitate their disposition has, to some extent, as it is claimed, made it impracticable or difficult for the commission to make and preserve a proper record of its proceedings.   Our statement of the essential facts we think is as nearly correct as we have been able to determine from an inspection of the somewhat ambiguous and imperfect record before us.   Indeed, we think opposing counsel are in accord that the record discloses the facts obove stated.

1.   One contention made by the defendants in error is that, if in other respects the commission had power upon its own motion under section 110, supra, to review any of its former awards, it was beyond its power upon such hearing to make an award increasing the compensation of its previous award of January 30, 1923, which denied further compensation; the point being that since no money compensation was then allowed, but was denied, it was impossible to increase the same as was later done in March, 1925.   This reasoning we cannot sanction.   Certainly the failure of the commission to award claimant any compensation did not operate to prevent that body, by a supplemental or subsequent award, if it had jurisdiction to make a supplemental award, from providing compensation in such sum as it deemed the evidence warranted.   This would be proper under this section of the statute because an award of a substantial sum would be a larger sum than no award at all.

2.   The principal objection by which the defendants in error seek to uphold the judgment of the district court setting aside the commission's final award, is that, as the court held, the commission exceeded its lawful power; in other words, acted without, or in excess of, its jurisdiction which is one of the grounds upon which our courts are permitted to set aside awards of this character under the Workmen's Compensation Act.   Defendants in error

concede that if the commission in a previous award made a mistake or committed error or if there was a subsequent change in conditions, it might at any time thereafter of its own motion upon notice and a hearing accorded to the parties, review the same, and on such review, if the evidence justifies it, diminish or increase the compensation previously awarded within the prescribed limits, but they contend that there was not sufficient evidence upon the final hearing, February 19, or March 16, 1925, to justify the making of the award setting aside the previous one of January 30, 1923. If the commission was led or induced to find from the showing on the hearing culminating in the order of January 30, 1923, that the claimant's injury was not suffered in the course of his employment, but was due to diseases from which he suffered long before, and that the evidence then produced before the commission upon which such finding was made was false or perjured testimony, the commission might, according to the plain terms of section 110, set aside such award or order and enter a different award if the showing before it was sufficient in its judgment to prove that its finding was based upon false testimony. It certainly was an error or mistake upon the part of the commission, if it was led by the false testimony of the witness for defendants in error to believe, and so find, that the injury sustained by the claimant was not received in the course of his employment.

But it is said by defendants in error that in other jurisdictions having statutes similar to section 110, supra, and section 97 of the Workmen's Compensation Act, Laws 1923, p. 757, which latter provides that any award of the commission shall be final unless a petition to review the same shall be filed within ten days after its entry or within the period as extended by the commission, the holding has been that, in such circumstances as are now before us in this case, the commission was without jurisdiction to make any subsequent order, since no petition for a review was at any time filed by either party to the award of January 30, 1923, which denied further compensation.

· We first observe that if this position of defendants in error is sound the judgment of the district court setting aside the final order of March 16, 1925, leaves in full force and effect the order and award of the commission of June 24, 1922, which approved the agreement of March 25, 1922, between the insurer and employer and the claimant. And this is so because neither of the parties within ten days from the entry of the award, or at any other time, filed a petition to review the same. If there was no other reason for setting aside the judgment of the district court this of itself would require a reversal. The record discloses, however, as already stated, that in each of its awards, except the final one of March 16, 1925, the commission expressly retained jurisdiction of the case until the final award was made, which, as we have already said, was March 16, 1925. The awards intervening between the first one of April 27, 1922, and the final award were made in response to applications by the defendants in error themselves, although they had not within the prescribed period filed a petition for a review of those which they thus sought to have changed or set aside. Both of the parties acted upon the supposition that the commission had rightfully retained jurisdiction to modify or set aside any order or award that it made preceding the award which it entered and deemed as final. While parties by consent may not confer upon a court jurisdiction of a subject matter of litigation which it does not possess, either party by his conduct may estop himself to complain of a noncompliance with provisions relating to procedure, or as to any matters of which the court has jurisdiction, unless the same are of such mandatory nature that they cannot be waived, or where their strict observance is essential to any jurisdiction by the court. We do not see why the same rule should not obtain in proceedings before the commission under the Workmen's Compensation Act. The objections here interposed are not of a jurisdictional character. They relate to matters of procedure which may be waived, or failure to comply with

which may not be insisted upon because of the conduct of the parties affected. Section 97 supra provides that unless a petition for a review of any award of the commission is filed within ten days after the same is made or within such further time as the commission may designate, no review of such award is permitted. In all of the reviews had in this case both parties appeared thereat. Defendants in error were represented by counsel and produced evidence. Each review, except the final one, was applied for by defendants in error. When they were notified by the commission that it had of its own motion, on the ground of its own mistake or error in the award denying further compensation, concluded to reopen the case for further hearing, the insurer wrote a letter to the commission acknowledging receipt of the notice and asked that the commission "place this upon your calendar for a further hearing at Alamosa, Colorado". This request was granted and at the Alamosa hearing the defendants in error appeared by counsel and with their witnesses and participated in the review. At no time either at this or at any other hearing, did they raise the question of jurisdiction of the commission to reopen the case and produce further testimony, or that section 97 as to time of filing petitions for review had not been complied with. Indeed, they themselves asked for and got reviews without complying with that section, so far as we can determine from this record. We are convinced that both parties by their conduct and acquiescence led the commission to believe, and to act upon that belief, not only that the commission had full power at all reviews and rehearings to act, but that the various petitions for review were seasonably applied for within the time prescribed or within the time specified or within the period as extended. Both parties are now estopped to claim otherwise.

Summing up, we are not prepared to say under the facts of this case that there was no substantial evidence to justify the commission's finding that it had committed a mistake or made an error in its award of January 30,

1923, withholding further compensation.   There was some evidence tending to sustain the finding, and the commission itself was satisfied that it had made a mistake or committed error which led it improperly to make the denial order.   The commission held, and we think properly, that the only final award that it entered was the one of March 16, 1925, and it was this one that the district court set aside as in excess of its jurisdiction.   The authorities from other states relied upon by defendants in error are inapplicable to the facts of this case.   Whether they be right or wrong under the statutes of the respective states and under the facts of those cases, we are not called upon to investigate, and it would not be proper for us to volunteer an opinion.   We are justified in saying that all of the awards or orders of the commission previous to that of the final award of March 16, 1925, were merely tentative awards.   We held in *London Guarantee & Accident Co. v. Industrial Commission*, 72 Colo. 177, 210 Pac. 70, that the commission was acting within its rights to increase an award first tentatively made.   We think the commission in its final award has done nothing more than to increase a previous tentative award.

The judgment of the district court is reversed and the cause remanded with instructions to vacate its judgment and in lieu thereof to affirm the final award of the industrial commission of date March 16, 1925.

MR. JUSTICE SHEAFOR not participating.