## No. 11,769.

INDEX MINES CORPORATION *v.* INDUSTRIAL COMMISSION,
ET AL.

Decided September 12, 1927.

Proceeding under the workmen's compensation act.
Judgment awarding compensation.

### *Reversed.*

1.    WORKMEN'S COMPENSATION—*Findings.* Findings of the industrial
commission held to show that defendant company had leased the
property to employers of the workman who was accidentally killed
thereon.

2.    *Lessor—Liability.* To make a lessor liable under C. L. section
4423 of the workmen's compensation act, there must be facts show-
ing that he is operating, engaged in or conducting his business by
leasing, not merely that he is a lessor.

3.    *Lessor—Liability.* Owner of leased mining property held liable
for payment of compensation for death of an employee of its lessee
under the facts disclosed.

4.    *Commission Findings.* Fact findings of the industrial commission
supported by evidence are binding on the reviewing court.

5.    *Lessor—Liability.* Agreement of a lessee to carry employer's lia-
bility insurance—which he fails to carry out—does not relieve the
lessor from liability under the workmen's compensation act.

6.    *Lessee—Liability.* The lessees of mining property are liable for
accidental injuries to their employees, under the workmen's compensa-
tion act, regardless of the liability of the lessor.

7.    *Fifty Per Cent Penalty.* Lessor of mining property held liable
for payment of fifty per cent additional compensation—if liable at
all—where the employer lessee had not taken out employer's lia-
bility insurance.

#### On Rehearing.

8.    *Lessor—Number of Employees.* Lessors of mining property, if
liable at all for accidental injuries occurring to employees of their
lessees, are liable irrespective of the number of men engaged in the
work.

9.     *Leasing—Findings.* Finding of the industrial commission that plaintiff in error was operating its mines by leasing, held one of fact not to be disturbed by the reviewing court.

10.    *Leasing.* The statute providing that a lessor shall be liable to lessee's employees for accidental injuries, cannot be limited to cases where lessees are themselves employees.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. HILDRETH FROST, Mr. CHARLES W. O'DONNELL, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for defendants in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

ONE Johnson was killed by the inhalation of gas in the Index mine in Cripple Creek district. The commission awarded compensation with fifty per cent addition to his widow, sole dependent, against the Index Mines Corporation, owner of the said mine, the district court affirmed the award, and the corporation brings error.

The first point made by plaintiff in error is that the findings of fact do not support the award. We think they do. The findings of the commission are, inter alia; (1) That Johnson's death occurred in the shaft of the Index mine and was caused by the inhalation of poisonous gas; (2) that the Index mine was owned and operated by the Index Mines Corporation, limited; (3) that said mine was leased to McDermitt, Smith and Franklin; (4) that the deceased, Johnson, was an employee of the lessees.

Section 49 of the Workmen's Compensation Act (C. L. § 4423) is as follows: "Any person, company or corporation operating  * * * any business by leasing,

\* \* \* shall \* \* \* be construed to be and be an employer \* \* \* and shall be liable \* \* \* to pay compensation for injury or death \* \* \* to said lessees \* \* \* and their employes \* \* \*."

The findings do not expressly show that it was the plaintiff in error that leased to said lessees, but doubtless the findings are so intended and it is a fair inference from them; the evidence shows it and the matter is not disputed, so we will presume it.

Not every lessor by virtue of said section 4423 is liable for compensation to the employees of his lessees. To make the lessor so liable there must be facts showing that he is operating, engaged in, or conducting his business by leasing; not merely that he is a lessor.

It does not appear from the findings of fact upon what evidence the commission based their conclusion that the mine was operated by the plaintiff in error. We think the findings should have stated the facts shown by such evidence, but doubtless they were the terms of the lease itself, and if so we think the conclusion was justified.

Those terms include provisions that the lessees shall commence work in ten days, do it mine fashion so as to take out the greatest amount of ore consistent with good mining, work the mine steadily and continuously with fifty shifts per month the first year and one hundred thereafter, and failure to do so forfeits the lease, but, in case of accident, lessees may apply to lessors for an extension which shall be granted. Lessees shall well and sufficiently timber, replace and repair timber and remove no timber without written consent of lessor, and shall do and refrain from various other things to keep the mine in good condition; that they shall allow lessor at any and all times to enter and visit all parts for inspection and taking of samples, to take samples from ore awaiting shipment, to survey both above and below ground as often as it shall so order; that they shall furnish lessor copies of blue prints of all surveys and maps made by them, and allow lessor to inspect all records, accounts,

correspondence and papers relating to said premises and the shipment of ore therefrom. The lessor reserves the property and right of property in and to all ores extracted or to be extracted from said premises. There are other provisions analogous to the foregoing.

If the commission concluded from these terms that plaintiff in error was "operating" * * * its "business by leasing * * *" we cannot say it was wrong and it follows that said section 4423 applies to this case, and that plaintiff in error was liable for compensation to the employees of its lessees. C. L. § 4424 (section 50 of the act), has no reference to a case like the present.

It is claimed by the plaintiff in error that the deceased was a colessee and not an employee of the lessees, but there is evidence that he was an employee and the commission has so found. We cannot consider the evidence to the contrary.

The findings are definite of facts which show that Johnson's death was in course of and arose out of his employment.

The lease contained the following: "The lessees agree to carry employer's liability insurance with the state of Colorado, or in a responsible company, covering all persons working upon the leased property, under the direction of the lessees, including all employers and sublessees, if any. Policy to be placed in operation as soon as operations commence under this lease," but the lessees failed to insure. The claim is made that this relieves the lessor from its liability under C. L. § 4423, but we think not. It is by the force of the Workmen's Compensation Act that the Index Company is liable. If it obtains an agreement with some one to indemnify it, it is not relieved from liability thereby, but merely gets a right to collect indemnity. If the lessees were claiming compensation, different questions would be presented.

We think that the lessees were liable for compensation, and that the commission should have found that they were primarily so, and the plaintiff in error secondarily,

as in *American Radiator Co. v. Franzen,* 81 Colo. 161, 254 Pac. 160, decided herewith. It expressly finds that Johnson was the employee of the lessees; under the Workmen's Compensation Act, then, they were liable for compensation. The liability of the Index Company does not relieve them.

The only argument of the Attorney General against this is the statement that, since it appears that the lessor is liable, the commission has no concern with an agreement between the lessor and the lessees, but the rights of the parties under such an agreement must be settled by an independent action. The fault with this argument is that it ignores the fact that the findings show a liability of the lessees to compensation regardless of the agreements of the lease. The case should therefore go back to the commission to settle the point of the liability of the lessees for this compensation.

It is claimed that the commission should not have added the fifty per cent to the award. This is required by section 27 of the act (C. L. § 4401; S. L. 1923, p. 736), but, if the plaintiff in error is liable at all, it is liable for this additional sum since it did not insure.

The judgment of the district court is reversed with directions to that court to order the commission to proceed according to this opinion.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.

*On Rehearing.*

MR. JUSTICE DENISON.

The Industrial Commission and the lessees moved for rehearing on the ground that since the lessees employed less than four men they were not within the terms of the act, C. L. § 4390, amended S. L. 1923, p. 733. A rehearing was granted on this question only. The point is well taken and the opinion is modified accordingly. Claim is made that more men were employed, but we have read the

evidence and it justifies the conclusion that there were but two. The lessors, if liable at all, are so "irrespective of the number of employees engaged in such work." C. L. § 4423.

The clerk erroneously rejected a motion of plaintiff in error for a rehearing. We have considered that motion as if it had been duly filed.

This motion urges that since the lease was in the ordinary form of a nonoperating lease it does not justify the commission in determining that plaintiff in error was operating the mines by leasing. We think otherwise. It would be possible and not difficult for any owner to operate his mines by means of such a lease as that in question (he even retains right of entry and title to the ore mined); the lease, therefore, does not conclusively preclude the finding, and, while we might not have held as did the commission, we regard the question as one of fact, not law, and so cannot say the commission was wrong.

The company insists that the decision should turn on the question whether the lease gives the lessees the characteristics of employees; that if it does so, the lessor is operating by lease, if not, not. But the statute has no force if it applies only to the case of actual employer and employee. Its force lies in the fact that it says that one shall "be construed to be" an employer who would not otherwise be such, but the proposition of plaintiff in error would have it say that he only shall "be construed to be" an employer who would otherwise be such.

If, as plaintiff in error claims, the legislative intent was, by the phrase "operating by leasing," to include only block and level leasing and split check leasing, it would seem that would have been more plainly expressed.

Our former opinion is modified and the judgment of the district court sustaining the award of the commission is affirmed.

Mr. Chief Justice Burke, Mr. Justice Whitford and Mr. Justice Sheafor concur.