No. 12,335

ONTARIO MINING COMPANY *v.* INDUSTRIAL COMMISSION, ET AL.

Decided June 17, 1929. Rehearing denied September 16, 1929.

Mr. John R. Wolff, for plaintiff in error.

Messrs. Rinn & Connell, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

Parties are referred to as they appear in the lower court.

The district court affirmed an award of the Industrial Commission allowing compensation to claimant, B. Sceymour Lawson, in the sum of $3,056.57 for the loss of an eye, which occurred September 4, 1926, and arose out of and in the course of his employment.

The record discloses that plaintiff, the Ontario Mining Company, on the 7th day of August, 1926, contracted with plaintiff, William Ebersole, to construct an ''upraise'' on its mining property; that Ebersole employed claimant Lawson and another to assist him in the performance of this work. While so working the accident occurred. A settlement agreement, without approval of the Industrial Commission, was prepared and executed between the Ontario Mining Company, Ebersole and Lawson whereby Ebersole agreed to pay $500 in full settlement of all claims arising out of the accident, and the Ontario Mining Company guaranteed such payment. $200 was paid thereunder. Subsequently, and on June 28, 1927, a claim was filed by Lawson with the Industrial Commission wherein it appeared that the ''Name of my employer at time of injury was William Ebersole, leasing on the Ontario Mining Co., Caribou, Colorado.'' Thereafter claimant offered to agree or agreed that if the settlement contract was performed by the plaintiffs, this claim would be dismissed. It was not in fact dismissed.

On July 26, 1927, upon a hearing, the plaintiff corporation not appearing, the Industrial Commission awarded compensation to the claimant and against both plaintiffs. A rehearing was asked for on two grounds: (1) That the commission had no jurisdiction; (2) that a fraud had been practiced on the plaintiffs which would warrant the setting aside of the award. A rehearing was granted and had as to these two points. While the rehearing was limited by the Industrial Commission to the foregoing matters, as a matter of fact evidence was introduced by the plaintiffs on the merits.

At no time has it been contended that the accident did not arise out of and in the course of claimant's employment. Upon this hearing the commission found that it had jurisdiction under section 49 of the Workmen's Compensation Act (§4423, C. L. 1921); and that all parties were equally at fault on the fraud charge for the reason

that the claimant represented that he would dismiss the claim for compensation and failed so to do, and the plaintiffs because they induced claimant to sign a settlement agreement without the approval of the Industrial Commission. The original award was approved, another petition for review was filed, and on May 12, 1928, the final award was signed.

The district court reversed the award as to plaintiff Ebersole and affirmed it as to the plaintiff, the Ontario Mining Company, which now seeks a review thereof.

We shall refer to the assignments of error as grouped in plaintiff's brief.

█ 1. Plaintiff contends that: ''All proceedings of defendant commission herein against plaintiff in error and its awards based thereon, are void ab initio, because no notice claiming compensation, which would confer jurisdiction of the proceedings, on defendant commission was ever filed by defendant Lawson against plaintiff corportion as his employer.''

Assuming this to be true, plaintiff has waived its right to such an objection by filing a petition for rehearing with the Industrial Commission, by participating in such rehearing and by introducing testimony on the merits. *Industrial Com. v. Employers Corp.; 78 Colo. 267, 241 Pac. 729.*

█ 2. Plaintiff claims that the failure of claimant to file a notice with the Industrial Commission within six months after the accident bars his recovery. Section 84 of the Session Laws of 1923, p. 745, provides: ''The right to compensation and benefits, as provided by this act, shall be barred unless within six months after the injury, or within one year after death resulting therefrom, a notice claiming compensation shall be filed with the commission. This limitation shall not apply to any claimant to whom compensation has been paid.''

The record discloses that the plaintiff corporation guaranteed the payment of $500 to claimant in full satisfaction for ''all claims, demands, damages, actions and

causes of action whatsoever, including those such as have grown out of or arisen from injuries received by second party (Lawson) while in employment of William I. Ebersole." Pursuant to this agreement, plaintiff caused to be paid to claimant the sum of $200, $50 of which was paid on July 11, 1927. The claim was filed on June 26, 1927. Plaintiff contends that the failure to file the claim within a period of six months is a condition precedent to the jurisdiction of the Industrial Commission. To so hold would be to read out of the statute the words, "This limitation shall not apply to any claimant to whom compensation has been paid." This would be an improper construction.

Plaintiff further contends that the payments so made were not made as "compensation" but in satisfaction of its common law liability. The contract in question containing a blanket release from all liability arising out of the accident to the claimant; both the claimant and plaintiff being subject to the jurisdiction of the Industrial Commission and the commission treating said amount so paid as compensation and deducting same from its award, we do not look with favor upon this hyper-technicality advanced by plaintiff, the purpose of which is to avoid liability. The claimant was in fact paid or compensated in part for his injury. Such being the case, the exception to the limitation is here applicable. *Industrial Com. v. Globe Co.*, 74 Colo. 52, 218 Pac. 910; *Kettering Mercantile Co. v. Fox*, 77 Colo. 90, 234 Pac. 464.

3. Plaintiff contends that the findings and awards of the commission, being based upon ex parte proceedings and without notice to it, are void. Plaintiff having filed its petition for a rehearing; having been granted a rehearing and having introduced testimony on the merits at such rehearing, has waived its right to object to the preliminary findings and awards of the commission. *Industrial Com. v. Employers Corp., supra.*

4. Plaintiff contends that it was not an employer within the terms of the compensation act and therefore

the commission's award is void. The reason given is that section 4424, C. L. 1921, applies to the facts herein and is controlling and section 4423 is inapplicable.

Section 4424 provides: "Every person, company or corporation that owns any real property or improvements thereon and that contracts out any work done on and to said property to any contractor, sub-contractor, person or persons, who shall hire or use four or more employes or workmen (including himself if working thereon) in the doing of such work, shall be deemed to be an employer under the terms of this act."

Section 4423 provides: "Any person, company or corporation operating or engaged in or conducting any business by leasing, or contracting out any part or all of the work thereof to any lessee, sub-lessee, contractor or sub-contractor, shall irrespective of the number of employes engaged in such work, be construed to be and be an employer as defined in this act."

The claim is that the plaintiff, being the owner of real property and contracting for work to be done on and to said property, and the contractor in the performance of said work having hired and used only three employes, including himself, the plaintiff owner, is not an employer and not within and therefore not subject to the provisions of the Workmen's Compensation Act. If the contract in question provides solely for the doing of work "on and to said property" there might be some merit in plaintiff's assertion. The contract provided that a shaft in plaintiff's mine be raised "from the 140 foot level of the Grant County shaft to the surface, a distance of approximately 160 feet more or less." It further provided the dimensions thereof and specifications in connection therewith. This contemplated work not only to be done on and to plaintiff's property, but constituted operating and "engaging in or conducting" the business of mining by contracting out part of the work thereof.

██ Webster's New International Dictionary defines the word "mining" as the "act or business of making

mines or of working them." Clearly under this definition the building of an "upraise" in a mine constitutes engaging in the business of mining. This being true, we are of the opinion that the decision of this court in the case of *Index M. Co. v. Industrial Com.*, 82 Colo. 272, 259 Pac. 1036, is controlling and conclusive of the question here presented. The identical question was there presented and the court held, p. 275: "If the commission concluded from these terms that plaintiff in error was 'operating' * * * its 'business by leasing * * *' we cannot say it was wrong, and it follows that said section 4423 applies to this case, and that plaintiff in error was liable for compensation to the employees of its lessees. · C. L. Sec. 4424 (section 50 of the act), has no reference to a case like the present."

5. Plaintiff contends that that part of section 27, Session Laws 1923, p. 737, which provides: "That if said employer shall fail to pay the compensation or benefits to said trustee as ordered, or to file the bond as required, then a certified copy of the award entered in such case may be filed with the clerk of the district court of any county in this state, and the same shall be recorded by him in the judgment book of said court and entry thereof made in the judgment docket, and shall thenceforth have all the effect of a judgment of the district court, and execution may issue thereon out of that court as in other cases," is unconstitutional because it violates section 1, article 6 of the Constitution of Colorado, which provides: "The judicial power of the state as to all matters of law and equity, except as in the constitution otherwise provided, shall be vested in the supreme court, district courts, county courts, and such other courts as may be provided by law."

The reasons advanced are that the clerk of a court of record is powerless to enter a judgment which has not been pronounced by a court of record and that the award of the Industrial Commission is not a judgment of a court of record.

The history of workmen's compensation acts in the various states of the Union discloses repeated attacks upon their constitutionality. The various provisions of these acts, with few exceptions, have been held to be constitutional. In more recent decisions, courts have uniformly refrained from declaring any sections of workmen's compensation acts unconstitutional unless definitely demonstrated so to be, and this is true whether the acts in question are compulsory or voluntary. If we were to hold this section unconstitutional upon the request of an employer within the terms of the act and subject to its provisions and who is unwilling to comply with its terms by satisfying an award of the commission, we would thereby deprive the Industrial Commission of one of the most powerful instrumentalities provided for enforcing compliance with its awards.

██ Under section 1 of article 6, supra, the legislature undoubtedly had the power to create additional or other courts and to limit their jurisdiction. The Industrial Commission is a quasi-judicial tribunal, which might be termed a court of industrial relations, with limited jurisdiction to hear and determine, subject to review by constitutional courts, certain cases arising between employer and employe with the necessary and incidental judicial power of rendering an award or judgment therein. The act of the clerk in entering the award or judgment of the Industrial Commission in the district court is a ministerial act and not the exercise of a judicial function. The judgment so entered is not a judgment *rendered* by the district court but a judgment of the Industrial Commission which "shall thenceforth have all the effect of a judgment of the district court." The provision of this section is somewhat similar to section 6083 of Compiled Laws of 1921, which provides: "When it shall appear by the return of the execution first issued, as aforesaid, that the defendant has not personal property sufficient to satisfy the debt and costs, within the county in which judgment is rendered, and it is desired by the plaintiff

to have the same levied upon real property in that or any other county, it shall be lawful for the justice to certify to the clerk of the district court of the county in which such judgment was rendered; a transcript, which shall be filed by said clerk and recorded by him in a book kept for that purpose, at the request and cost of any person interested, either in the judgment or proceedings had under the same; the fee for recording the transcript shall be taxed in the bill of costs against the defendant; such judgment shall thenceforward have all the effect of a judgment of the said district court and execution shall issue thereon out of that court as in other cases."

This act was held to be constitutional. *Davis Co. v. Counter*, 75 Colo. 239, 241, 225 Pac. 245, wherein the following language appears: "The court held that the docketing of a judgment is not synonymous with 'rendering' a judgment, and that, therefore, the judgment did not become a judgment of the county court. In the opinion it is pointed out that the word 'rendered' is always used in the sense of judgments given by judicial action; that a county clerk, by recording a transcript of judgment, does not render a judgment, in any proper sense of the term."

Therefore, the section assailed is not in violation of section 1, article 6 of our Constitution.

■ 6. The plaintiff contends that the findings and awards were procured by fraud of the claimant. The fraud alleged consists in the failure of the claimant to carry out his agreement to dismiss his claim filed with the Industrial Commission in consideration of the payment of the amount provided for in the contract of settlement and the subsequent prosecution of said claim, as a result of which the plaintiff failed to appear before the Industrial Commission until its petition for a rehearing was filed April 25, 1928. Upon a rehearing, the commission found: "That the parties hereto were equally at fault; the claimant by reason of his representation that he would dismiss his claim, and the respondents in attempting to effect a settlement with the claimant without

the knowledge or consent of the commission. The commission, therefore, will not disturb the situation in which it finds the parties, and that therefore the referee's order heretofore entered herein should stand as the award of the commission.''

Under the facts presented, the commission was fully justified in this finding. To hold otherwise would permit an employer under the terms of, and subject to, the Workmen's Compensation Act to evade liability by procuring the claimant to dismiss his claim in consideration of a contract for compensation wholly inadequate and unauthorized by the commission.

Stripped of befogging technicalities, the facts in this case disclose that the claimant on September 4, 1926, lost an eye as the result of an accident which arose out of and in the course of his employment under one authorized by plaintiff, by contract, to construct an ''upraise'' in plaintiff company's mine; that by virtue of section 4423, supra, the plaintiff company was an employer under, and subject to, the terms of the Workmen's Compensation Act and liable for such injuries.

Almost three years have elapsed since this accident occurred and claimant has been paid but $200. This delay is the result of plaintiff company's persistent and insistent efforts to evade liability and payment. While we realize that every litigant must be afforded an opportunity to safeguard his rights, still we deplore the fact that claimant has not long heretofore received the compensation to which he is justly entitled.

The judgment of the district court must be and is hereby affirmed.