## No. 12,598.

### Devereux et al. *v.* Industrial Commission et al.
(290 Pac. 287)

Decided June 30, 1930.

Messrs. Pershing, Nye, Tallmadge & Bosworth, Mr. N. A. Hutchinson, for plaintiffs in error.

Mr. Robert E. Winbourn, Attorney General, Mr. Arthur L. Olson, Assistant, Messrs. Goss & Hutchinson, for defendants in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

THE Industrial Commission awarded compensation to Alwilda and Leona Wohlcke, wife and daughter, respectively, of Fred J. Wohlcke, who was killed on September 10, 1927, while mucking in a mining property of the Mineral Chief Mining Company near Georgetown, Colorado. The district court of the City and County of Denver affirmed the award. J. H. and Horace K. Devereux, against whom the award was made, are here seeking a review thereof.

A single question is presented: Do the facts support the award made pursuant to section 4423, C. L. '21? The pertinent part thereof provides:

"Any person, company or corporation operating or engaged in or conducting any business by leasing, or contracting out any part or all of the work thereof to any lessee, sub-lessee, contractor or sub-contractor, shall irrespective of the number of employes engaged in such work, be construed to be and be an employer as defined in this act and shall be liable as provided in this act to pay compensation for injury or death resulting therefrom to said lessees, sub-lessees, contractors and subcontractors and their employes, * * *"

The undisputed facts in evidence disclose that the property in question was owned by the Mineral Chief Mining Company; that prior to June 28, 1927, deceased and James McLellan, copartners, were in possession thereof under a lease and option to purchase the same; that on June 28, 1927, McLellan for himself and his partner offered in writing to transfer said lease and option to purchase to the Devereuxs for $50,000. This offer contained the following language: "I and my partners are to have a contract for two hundred feet at $12.50 per foot, and to be furnished with a new drilling machine and hose, said contract to be worked at continuously and completed within a reasonable time. This offer is good to July 15th, 1927." This was accepted by telegram on July 13, 1927, and Wohlcke and McLellan were instructed by plaintiffs in error to proceed with the tunnel work

therein specified and had been paid therefor the sum of $493.55 at the time of Wohlcke's death, which was caused by the falling of a huge rock while he was engaged in said work.

■■ Under these facts, plaintiffs in error contend that they were not "operating or engaged in or conducting any business by leasing, or contracting out any part or all of the work thereof to any lessee, sub-lessee, contractor or sub-contractor" and are not liable. We cannot agree therewith. The Devereuxs contracted and paid for said tunnel work. While performing the same under this contract, Wohlcke was killed. The Devereuxs were engaged in the operation of a mining business by "contracting out" part of the work. *Ontario Mining Co. v. Industrial Com.*, 86 Colo. 206, 280 Pac. 483; *Index M. Co. v. Industrial Com.*, 82 Colo. 272, 259 Pac. 1036. It is immaterial that the Devereuxs did not own the property and had not perfected an interest therein at the time of Wohlcke's death.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.