No. 13,884.

MISHMISH ET AL. *v.* HAYDEN COAL COMPANY ET AL.
(56 P. [2d] 21)

Decided March 9, 1936.

374

Mr. Paul P. Prosser, Attorney General, Mr. Louis Schiff, Assistant, for plaintiffs in error.

Mr. Frank C. West, for defendants in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

This is a workmen's compensation case. Martin Mishmish, the claimant, was awarded $3,640 by the Industrial Commission for permanent partial disability. The district court, in appropriate proceedings, vacated and set aside the award. Claimant and the Industrial Commission assign error.

The evidence is undisputed that claimant was employed by the Hayden Coal Company, herein referred to as employer, and that he sustained severe bruises to his hip, and one or two fractured ribs while riding an empty coal car which collided with some loaded cars standing on a switch. The accident occurred underground in a mine of the employer September 19, 1933, and as a result thereof claimant was confined to a hospital for several weeks. He returned to work December 9, 1933, and worked one day. Resuming his employment December 27, 1933, he worked up to and including February 13, 1934, on which date he claims that it was necessary for

him again to cease work on account of disability resulting from the accident.

A hearing was held before a referee of the Industrial Commission March 21, 1934, resulting in an order allowing compensation from September 30, 1933, during disability, less the period from December 27, 1933, to February 13, 1934, plus the one day that he was employed on December 9, 1933. On May 15, 1935, another hearing was held, after which the referee made and entered findings that the claimant sustained no disability by reason of his accident from and after July 1, 1934; that there was no permanent disability by reason of his accident; that any disability which he suffered after said date was due to pneumoconiosis [miners' consumption]; that such condition had not been aggravated or accelerated by the injury, and an order was entered denying compensation.

The claimant petitioned for review of this order and June 28, 1935, the commission made findings of fact, which were in substantial effect the same as the findings made by the referee, also denying compensation for permanent injury. Following the making of such findings and denial of compensation claimant, by letter which was received and filed by the commission on July 12, 1935, within the fifteen days allowed for the filing of a petition for a review of the commission's finding and award, expressed himself as dissatisfied with the findings and award; called attention to the fact that he had been examined by the company doctor before going to work in the mine; that there was nothing physically wrong with him before the accident and referred to the testimony of five doctors which tended to show that his then disability was attributable to the accident. The commission elected to consider this as a petition for a review and July 23, 1935, entered a supplemental award which so far as material to the issues involved in this case is as follows: "The commission now finds from the record that prior to September 19, 1933, claimant was probably effected [affected] with mild pneumoconiosis, but if so, it was in

no way disabling, as he had worked continuously and without interruption prior to the date of his accident; that the fractured fifth rib, hereinabove referred to, has not healed with firm boning union, but that claimant has only a fibrous union with an over-lapping of the bone and an intercostalgia, which in turn is the result of the impingement of the intercostal nerve by the callus formation of the fractured rib; that said fibrous union and intercostalgia are not only tender and painful, and not only disabling in themselves, but they have aggravated claimant's preexisting pneumoconiosis to such a degree that it now manifests itself in the kidneys and heart.

"The commission further finds that claimant attained his maximum degree of improvement on July 1, 1934, and that as a result of claimant's injury, he has suffered a permanent partial disability equal to 50% as a working unit; that his average weekly wages were $16.90; his age 40 years and his expectancy of life 28.18 years.

"Wherefore, the commission now finds that on prior review it improperly weighed the evidence herein, and that its Order of June 28, 1935, was in error and should be vacated, set aside, and held for naught.

"It is, therefore, ordered: That the commission's Order of June 28, 1935, be and the same is hereby vacated, set aside, and held for naught.

"Further ordered: That the respondents pay compensation to the claimant * * * for and on account of permanent partial disability * * *."

A number of doctors testified as to claimant's condition and its cause. All agreed that he was suffering to some extent from miners' consumption. As to all other matters found by the commission the evidence was conflicting.

The employer and the insurance carrier sought a review of the supplemental award of the commission of July 23, 1935, on the ground that the commission acted without and in excess of its powers in finding the claimant sustained permanent partial disability upon the iden-

tical evidence on which it had held the contrary in its award of June 28, 1935, and that the reason given by the commission for such contrary finding, "That on prior review it improperly weighed the evidence," was not sufficient in law. Such reason they say is merely equivalent to a statement that one of the members of the commission had changed his mind. By a supplemental award dated August 5, 1935, the commission denied the petition for review and affirmed its award of July 23, 1935.

■ The sole question involved is whether or not the commission acted without and in excess of its powers in vacating its award of June 23, 1935, in which it found there was no permanent injury and denied compensation, and entering its award of July 23, 1935, in which it found permanent injury as a result of the accident and awarded compensation, on the ground "that on prior review it improperly weighed the evidence." In support of their contention that the commission exceeded its authority the employer and insurer rely on the case of *Rocky Mountain Fuel Co. v. Sherratt*, 96 Colo. 463, 45 P. (2d) 643.

The Sherratt case was twice before this court. The statute, section 4484, C. L. 1921, provides that the commission "on the ground of error, mistake, or a change in conditions," may, at any time after notice of hearing, review any award made by it and modify or change it. In the first Sherratt case, *Sherratt v. Rocky Mountain Fuel Co.*, 94 Colo. 269, 30 P. (2d) 270, the commission on its own motion reopened the case after it had made a finding of complete recovery, had denied compensation, and had thereafter made a further finding that "there is no showing of error, mistake or change in condition." It then reinstated a former finding of ten per cent disability and a former award for such disability, with no additional testimony before it and without assigning any reason for its reversal of opinion. We held that in such a case reasons for reversal were mandatory, and that no reasons appearing to indicate anything other

than a mere change of mind on the part of members of the commission such action was, so far as the record disclosed, a mere arbitrary exercise of power.

On review of the second case, *Rocky Mountain Fuel Co. v. Sherratt*, 96 Colo. 463, 45 P. (2d) 643, after the decision by the court in the first case, we used the following language:

"April 2, 1934, the commission, apparently on its own motion and for the purpose of considering possible error in its former award, or changed conditions, set a hearing for some two weeks later, which was continued on May 29, July 6, and August 7, following. Some testimony, including reports of physicians, was taken on each of said dates. Thereupon the cause was submitted and briefs filed and, September 21, 1934, the commission affirmed its former award, finding no error, mistake or change in conditions, holding that the case would not be reopened, and that 'the claim for further compensation be and the same is hereby denied.'

"October 16, 1934, by supplemental award, the commission found error in its former award against Sherratt, that he had in fact sustained a ten per cent permanent injury, that former awards in his favor should be reinstated, and that payments thereunder should be renewed as of the date when discontinued. It thereby reinstated its award of June 29, 1933, which the district court had annulled, and which judgment we had affirmed in *Sherratt v. Fuel Company, supra*. This it did on the identical evidence on which it held the contrary less than one month before, and with no finding save that 'after an exhaustive study of all the evidence herein' it was the opinion of the commission 'that it committed error in its award.' This of course amounts to nothing more than a statement that the 'Commission has changed its mind.' "

In line with our holding in the first case, and quoting partly therefrom, we said: " ' Any supplemental award that would change, alter or modify the effect of the award of April 9, 1931, by which the claimant was found

to have fully recovered from his injury, would require specific findings as to a change in this recovered condition.' In the same case we said: 'Reasons for findings are mandatory.' That statement applies to errors as well as changed conditions, and to it we now add that mere 'change of mind' with no statement of sufficient reasons therefor, is no compliance with the law.''

On motion for modification of the opinion in the second case we said: ''We are asked to modify the foregoing opinion to authorize the taking of further evidence and the entry of an award thereon, and the entry of an award contrary to that of September 21, 1934, without the taking of further evidence, provided sufficient reasons therefor be stated by the commission. Such questions not being before us, we express no opinion thereon.''

This case presents the exact question upon which we refused to pass, and which was raised by the motion to modify above noted. The commission here states, as a reason for reversing its former opinion, the following: ''Wherefore, the commission now finds that on prior review it improperly weighed the evidence herein, and that its order of June 28, 1935, was in error and should be vacated, set aside, and held for naught.''

We think the reason assigned is sufficient. In its former findings of no permanent disability and denial of compensation the commission reserved jurisdiction in the following words: ''And this commission does hereby retain jurisdiction of this claim until the same is finally and fully closed.''

When the letter of claimant calling attention to certain facts and testimony was received, the commission elected to consider it a petition to review its former award, and it recites in its supplemental award that it has reviewed the record *on petition of claimant*. The filing of such a petition is mandatory before the aggrieved party can have his case reviewed by the district court. Section 4472, C. L. 1921, so far as here mate-

rial, provides: "No action, proceeding or suit to set aside, vacate or amend any finding, order or award of the commission, or referee, or to enjoin the enforcement thereof, shall be brought unless the plaintiff shall have first applied to the commission for a review as herein provided."

The statute does not say that additional testimony shall be taken on such review and we cannot read such requirement into it. The evident purpose of the section is to prevent court dockets from being cumbered with cases before the commission has had full opportunity to correct its own errors. To hold that on such review the commission is without power to do other than affirm its former finding and award would be to make the statute meaningless and a review futile. In *Industrial Commission v. Employers Liability Assurance Corporation*, 78 Colo. 267, 241 Pac. 729, we held in effect that all awards of the commission, until its final award, are merely tentative. The first award of the commission in this case had not ripened into a final award by the expiration of the time within which the aggrieved party might petition for review. He wrote his letter and the commission received it within that time and elected to consider it as a petition for review. With such petition pending, the first award remained but a tentative finding in a matter over which the commission still retained jurisdiction. Its duty as a fact-finding body is to properly weigh the evidence in arriving at its conclusions. If the members of the commission were convinced on further consideration of the evidence, after the petition to review their findings had been received, that they had "improperly weighed evidence," it was their duty, while the commission had jurisdiction of the matter, properly to weigh the evidence, make findings of fact and enter an award in accordance with such findings.

For the reasons herein stated the judgment of the district court is reversed and the cause remanded for fur-

ther proceedings in harmony with the views herein expressed.

MR. CHIEF JUSTICE CAMPBELL not participating.