## No. 14,342.

SECHLER v. PASTORE ET AL.

(84 P. [2d] 61)

Decided October 17, 1938. Rehearing denied November 7, 1938.

140

Mr. CHARLES A. HASKELL, for plaintiff in error.

Mr. SIMON QUIAT, Mr. SAMUEL S. GINSBERG, Mr. NATHAN H. CREAMER, Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, Mr. STEVENS PARK KINNEY, for defendants in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE judgment here presented for review was rendered in a workmen's compensation case.

The defendant in error Eberhart, to whom we shall

refer as the claimant, sustained a compensable injury on March 11, 1937. Previous to this time the defendant in error Pastore, to whom we shall refer by name or as the contractor, had entered into an agreement with the Sechler Electric Company for the installation of electric outlets in a house being constructed by Pastore at 3710 Zuni street in Denver, Colorado. At the time of the injury claimant, an electrician, was engaged in making such installments as an employee of the Sechler Electric Company. Neither the employer nor the contractor carried workmen's compensation insurance. After a number of hearings the Industrial Commission by a final supplemental award ordered that the Sechler Electric Company and Pastore pay compensation to the claimant. Thereafter Pastore instituted the present action in the district court. A decree was entered therein affirming the award of the Industrial Commission in all respects and with the further adjudication that the liability for the payment of compensation as between the employer and the contractor was therein fixed as a primary liability against the former and a secondary liability against the latter and the Industrial Commission was directed to modify its award accordingly.

No question is raised as to the compensability of the injury sustained by claimant or as to the amount of compensation awarded him. Plaintiff in error contends that the order of the commission, as sustained by the judgment of the district court, is erroneous in so far as it finds that plaintiff in error was subject to the Workmen's Compensation Act, for two reasons: (1) That prior to the happening of the injury sustained by claimant, plaintiff in error had withdrawn from and rejected the provisions of the Workmen's Compensation Act; (2) that at the time of his injury claimant was not an employee of plaintiff in error as an individual but was in the employ of the Sechler Electric Company, a copartnership consisting of plaintiff in error and his son, and that said copartnership was not subject to the provisions of the Work-

men's Compensation Act. Plaintiff in error further asserts as a third objection that the judgment of the district court is erroneous in so far as it attempts to classify and establish the liability for payment of compensation as a primary and secondary liability between plaintiff in error and the contractor respectively. We shall consider these contentions in the order stated.

It is conceded by plaintiff in error that under the name and style of the Sechler Electric Company, he was individually engaged in the electrical contracting business and subject to the provisions of the Workmen's Compensation Act for a number of years prior to February 2, 1933. Unless this previous status imposes liability upon him it is conceded none here exists. Having thus been within the act plaintiff in error could withdraw therefrom only in the manner prescribed by statute. '35 C. S. A., c. 97, §296; *Comerford v. Carr*, 86 Colo. 590, 284 Pac. 121. Said section 296, among other things, provides: ''Any employer subject to the provisions of this article may withdraw from its provisions and reject the same upon the first day of any month, provided, said employer gives written notice to the commission of his intention to withdraw from and reject such article, not less than thirty days prior to the first day of the month in which he desires such withdrawal and rejection to become effective; and, provided further, that such withdrawing employer shall post in conspicuous places in his several places of employment written or printed notices to the effect that on and after the first day of the month in which such withdrawal and rejection shall become effective, said employer will not be subject to the provisions of the workmen's compensation law, which notices shall be posted at least thirty days prior to the date of such withdrawal and rejection and shall be kept continuously posted thereafter in sufficient places frequented by his employees to reasonably notify such employees of such rejections.''

The record discloses that under date of January 30,

.1933, the Globe Indemnity Company, plaintiff in error's insurer, notified the commission in writing of the cancellation of his policy because of its expiration and non-renewal. On February 15, 1933, the commission dispatched a letter to plaintiff in error, the body of which reads: "The Globe Indemnity Company notifies us of the termination of your Workmen's Compensation policy. The Workmen's Compensation Act provides that having accepted the provisions thereof by insuring your liability you must be continuously insured, irrespective of the number of employees you now have, unless the Act is rejected as provided therein or your operations have been entirely discontinued. Please sign and return to this office at once the notice at the bottom of this letter, giving us the information as indicated." At the bottom of the sheet upon which this letter was written was a printed form for use by the employer in transmitting requested information to the Industrial Commission. A portion of the form as originally prepared is as follows: "Discontinued operations ........ and have no employees whatever." In filling out this form and supplying the information requested, plaintiff in error inserted after the word "operations," the words, "as to employees," making the report read: "Discontinued operations *as to employees* August, 1932, and have no employees whatever." This report was delivered to, and filed by, the Industrial Commission March 3, 1933, and upon the employer's index card as kept by it, and containing the insurance record of plaintiff in error, the commission made this notation: "Globe Ind. Effective 1-30-32 Expires 1-30-33 Globe—406005 Ceased oper. 2-2-33."

Plaintiff in error insists that by virtue of his written communication to the commission above mentioned and the other circumstances detailed, he substantially complied with the provisions of section 296, supra, and made effective his withdrawal from the provisions, and rejection of the act, as of February 2, 1933. He does not contend that at any time during the period here involved he

had actually discontinued his business. He testified that in August, 1932 he abandoned the contracting business, but continued with his electrical work, the actual labor in connection therewith being performed by him or by his son. The electrical inspector for the City and County of Denver testified that from January 26, 1933, and continuing to the time of the hearing before the Industrial Commission, numerous permits had been issued by the city of Denver to plaintiff in error for electrical work. Claimant stated that he had been working for the Sechler Electric Company approximately three and one-half years previous to the accident which would fix the time of the beginning of his employment with the company in the latter part of the year 1933; and at other times previous to the accident and after August, 1932, plaintiff in error's records show the employment of other workmen. The record thus disclosing that while plaintiff in error after August, 1932, may have curtailed the scope of his business activities and reduced the number of his employees, he at no time actually concluded or terminated his operations. We are not here called upon to determine whether the actual and complete cessation of operations by an employer, previously subject to the provisions of the Workmen's Compensation Act, effects a withdrawal from the provisions of the act.

The communication relied upon by plaintiff in error as constituting notice of withdrawal, on its face does not suggest to us that such was his intention at the time of its transmittal. At most it seems to amount only to an excuse for not renewing his liability insurance policy. There is no statement of a cessation of operations, but merely that they were limited in scope. Neither does the notation of the Industrial Commission on the insurance record of plaintiff in error indicate a withdrawal from, or rejection of the provisions of, the act. Concerning this matter, the insurance secretary of the commission testified:

"Q. Mrs. Ehrhart, does there appear in the records,

in the office of the Industrial Commission, any notice, or any record of any notice, that G. A. Sechler, or the Sechler Electric Company had rejected the provisions of the workmen's compensation act?

"A. It does not appear.

\* \* \*

"Q. Do you have a form that you furnish employers for the purpose of making such rejections?

"A. I have."

While the form of the questions and the paucity of information conveyed by the answers do not command, the inference is unmistakable that plaintiff in error did not proceed by the usual course to secure the immunity he now asserts. Nor does he claim that he gave any notice whatsoever to the commission thirty days prior to the first day of the month upon which he desired to reject the act or that he at any time posted notices upon his premises of his withdrawal from the provisions of the act or of his rejection thereof, as the statute requires. As relieving from his failure in these respects plaintiff in error argues that having no employees when the purported rejection was made, it would have been an idle formality to have posted notices since there were no employees interested in his status; likewise, that no practical object would be attained by his compliance with the statutory provision relating to giving the notice contemplated by section 296, supra, thirty days previous to the effective date of the withdrawal, since for more than six months prior to the time the alleged notice was given in March, 1933, he had had no employees. To make effective a withdrawal from, or rejection of, workmen's compensation acts it has been generally held in other jurisdictions under statutes similar to ours that notice must be posted as well as filed with the commissions. *Beveridge v. Illinois Fuel Co.,* 283 Ill. 31, 119 N. E. 46; *O'Rourke v. Percy Vittum Co.,* 166 Minn. 251, 207 N. W. 636; *Paucher v. Enterprise Coal Min. Co.,* 182 Ia. 1084, 164 N. W. 1035.

Even if a situation might exist which would relieve an

employer from the necessity of posting, and keeping posted, notices of his withdrawal from and rejection of the provisions of the act, concerning which we do not comment, the circumstances here do not suggest any valid basis for tolerance. As has been mentioned, it clearly appears that after his purported rejection of the act, plaintiff in error from time to time employed workmen, and consistency, as well as the express terms of the statute, certainly would require that he should have kept posted on his premises, accessible to the observation of his employees, the notices proclaiming his alleged status with reference to the Workmen's Compensation Act, a thing in which every workman naturally would be vitally interested.

We must conclude, therefore, as did the commission and the trial court, that the circumstances upon which plaintiff in error relied as constituting his withdrawal from, and rejection of the act, fall short of meeting the requirements of section 296, supra; as a consequence of which, at the time of the accident suffered by claimant, plaintiff in error as his employer, unless relieved by other considerations, was subject to the provisions of the act.

 The second objection of plaintiff in error is based upon the contention that at the time of the accident, instead of being an employee of plaintiff in error doing business as an individual under the firm name and style of the Sechler Electric Company, claimant was in fact an employee of a copartnership formed in 1935 and composed of plaintiff in error and his son doing business under the precise name and style under which plaintiff in error had previously operated as an individual. The commission found from the evidence that the association of father and son did not constitute a partnership and that no new or different legal entity was formed when the son came into his father's business. Without detailing the evidence on this issue, it is sufficient to say that much of it was inconsistent with, and contradictory of, the existence of the alleged copartnership and taken as a

whole it was ample to support the finding of the commission. It is elementary that under such circumstances these findings are conclusive on review. Further, although we do not base our disposition of this contention thereon, it is likely that where a business, subject to the Workmen's Compensation Act, is conducted by an individual under a firm name, the statute requiring notice of withdrawal from, or rejection of, the provisions of the act cannot be circumvented as to such individual by an internal change of ownership where he continues as a partner and the business proceeds under the previous name and style. *Adams v. McKay,* 229 Mich. 670, 202 N. W. 962.

Passing to the third contention of plaintiff in error, we believe the district court committed error in ordering the commission to amend its award by adding a finding of primary and secondary liabilities as between plaintiff in error, the original employer, and the contractor Pastore respectively. Counsel for the Industrial Commission made no argument in support of or against the holding of the district court in connection with this point. The liability of plaintiff in error as employer is predicated upon section 296, supra, and that of Pastore, the contractor, is grounded upon section 328 of the same chapter, which provides that the contractor "shall irrespective of the number of employees engaged in such work, be construed to be and be an employer as defined in this article, and shall be liable as provided in this article * * * and * * * any employee of such * * * subcontractor, shall * * * be deemed employees as defined in this article." In the final analysis, the liability of each is based upon the express provisions of the compensation act by operation of which, as the commission determined, each was liable as an employer of the claimant. While under the statute the commission has power, here exercised, to impose liability for the payment of compensation upon the original employer, who has become a subcontractor, and upon the contractor in

the case of a compensable injury to an employee of the subcontractor, there is no express statutory authority giving the commission, or any court reviewing the proceedings of the commission, the power to determine or fix a comparative degree of liability for the compensation as between the subcontractor employer and the contractor. This dearth of express statutory authority is conceded by all parties, but the contractor asserts and the trial court evidently believed, that such procedure was justified by reason of the decision of this court in *Index Mines Corporation v. Industrial Commission,* 82 Colo. 272, 259 Pac. 1036. That case involved the death of an employee of lessees of a mine. The commission made an award against the owners of the mine on the ground that they were conducting their business through leasing and hence, under the act, subject to liability to employees of the lessees. The award of the commission was affirmed by the district court. On review we held that the lessees also were liable, and accordingly reversed the district court judgment. In this connection we said: "We think that the lessees were liable for compensation, and that the commission should have found that they were primarily so, and the plaintiff in error secondarily, as in *American Radiator Company v. Franzen,* 81 Colo. 161." After the opinion in the Index Mines Corporation case was announced, a petition for rehearing was filed by the commission and the lessees, and a rehearing granted as to the liability of the latter for the asserted reason that the lessees employed less than four persons. On rehearing upon this proposition, we held the lessees not liable, modified the former opinion and affirmed the original award of the Industrial Commission against the owners of the mine. It thus is apparent that in the final disposition of the case no question existed as to comparative liability, since the award was against the owners alone and the portion of the original opinion quoted could have had no application to the controversy as finally adjudicated. Further, an examination of the opinion in the *American Ra-*

*diator Company* case, cited as authority for the quoted portion of the opinion in the *Index Mines Corporation* case, discloses that in the former the only question involved was whether Franzen was an employee of the radiator company, because of which the quoted statement was obiter dictum. In view of these considerations we are satisfied there is no authority in Colorado, either legislative or judicial, authorizing the determination of the comparative degree of liability between those who are answerable to a claimant employee in a proceeding before the commission for the awarding of compensation, or upon a court review of the commission's award. The primary purpose of the Workmen's Compensation Act is to expeditiously provide an award of compensation in favor of an injured employee against all persons who may be liable therefor. It is not contemplated by the statute that such proceeding should be hampered or delayed by the adjudication of collateral issues relating to degrees of liability of the parties made responsible by the statute for the payment of compensation. Such a determination may well involve questions of contractual obligations or even equitable considerations between the responsible parties, of no concern to the injured employee, and, if involved, should be resolved by a court in an independent proceeding in which the employee should not be required to participate. We are in accord with the pronouncement of the Connecticut Supreme Court in its opinion in *Johnson v. Mortenson,* 110 Conn. 221, 147 Atl. 705, 66 A. L. R. 1428, where it is said: "The better view and practice of the compensation commissioners appears to have been to regard their jurisdiction as limited to determination of the right of the employee to compensation and as to who is liable therefor to such claimant, leaving the rights and liabilities between those held jointly liable to the claimant to 'be worked out in such proceedings, among themselves, as may be brought for the purpose.' See *Freeman v. Furrey,* 2 Conn. Comp. Dig., Part I, 400, 402.

"In *Witchekowski v. Falls Co.,* 105 Conn. 737, 741, 136

Atl. 565, it was held that 'for the commissioner to attempt to determine * * * which of two insurers is liable for payments already made by the employer was clearly to exceed his jurisdiction'—citing *Hargraves v. Shelvin Mfg. Co.,* 179 N. Y. App. Div. 477, 165 N. Y. Supp. 960. It appears that equal impropriety would characterize determination of the question of ultimate liability between contractor and subcontractor, as to which no rule is afforded by the statute which confers the commissioner's jurisdiction but marks its limitations.''

The decree of the district court is reversed in so far as it provides for a determination of primary and secondary liability for the payment of compensation as between plaintiff in error and the contractor Pastore, and in all other particulars is affirmed.

MR. JUSTICE BOUCK concurs in the conclusion.

MR. JUSTICE HOLLAND not participating.