## No. 13,404.

REYNOLDS ET AL. *v.* FRAKER COAL COMPANY ET AL.

(28 P. [2d] 338)

Decided December 18, 1933.

Mr. W. PENN COLLINS, Mr. J. H. RICHARD, Mr. GUY D. DUNCAN, Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, for plaintiffs in error.

Mr. FRANK C. WEST, for defendants in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE district court vacated and set aside a supplemental award that the Industrial Commission had made in favor of John Reynolds, the claimant in a workmen's compensation case. Fraker Coal Company was the employer and

the Employers' Mutual Insurance Company was the insurer.

On April 5, 1927, the claimant, a coal miner, was injured in an accident arising out of and in the course of his employment. On July 7, 1927, the claimant was awarded compensation for temporary disability, and a further hearing was ordered to determine the degree and extent of his permanent disability, if any. On October 7, 1927, the claimant was found by the referee to have sustained a permanent disability consisting of a 25 per cent loss of the use of his left arm at the shoulder, and was awarded compensation therefor. On June 6, 1930, the commission, on its own motion, acting pursuant to section 4484 of the Compiled Laws, ordered a further hearing to determine whether there had been any error or mistake in the previous award, or any change in the claimant's condition. On August 11, 1930, the commission found that there had been no error or mistake in the previous award and no change of condition. On May 10, 1933, the commission ordered a further hearing to determine whether there had been any error or mistake in the previous award, or any change in the claimant's condition. On July 3, 1933, after the hearing, the commission made the following supplemental findings and award:

"* * * On October 7, 1927, the Referee entered his award finding that the claimant has sustained a 25% loss of use of the left arm at the shoulder and granting compensation for permanent disability upon that date.

"The Commission now finds that the claimant's disability is 25% as a working unit, and that there was error and mistake in determining that he had but 25% loss of use of the left arm at the shoulder, and that the claimant should be awarded compensation for 25% permanent disability as a working unit. His age as of July 15, 1927, was forty-five years; his expectation, 24.54 years.

"It is, therefore, ordered that the respondents above named pay compensation to the claimant at $12.00 per

week, from April 16, 1927, to July 15, 1927, inclusive, as compensation for temporary disability, and beginning July 16, 1927, further compensation at $12.00 per week, until the full sum of $3120.00 shall have been paid, less compensation heretofore paid under the Referee's award.''

The owner and the insurer filed a petition for a review. It was denied, and the award of July 3, 1933, was confirmed, whereupon they commenced this proceeding in the district court to set aside the award. That court rendered judgment in their favor.

The only question presented to us for determination is whether the evidence was sufficient to support the award of July 3, 1933. The plaintiffs in error contend that it was; the defendants in error contend, and the district court held, that it was not.

Section 4484 of the Compiled Laws permits the commission, on its own motion, on the ground of error, mistake or a change in conditions, to review any award and make an award ending, diminishing, maintaining or increasing the compensation previously awarded. The commission held that there had been an error and a mistake in determining that the claimant had but 25 per cent loss of the use of the left arm at the shoulder, and that he should be awarded compensation for 25 per cent permanent disability as a working unit. The defendants in error contend, and the district court held, that there was no evidence to support the finding that there had been an error or a mistake in the sense in which those words are used in sectiton 4484, supra.

The award of October 7, 1927, was based upon medical testimony given a month before, that is to say four months after the accident, to the effect that the claimant's disability consisted of a 25 per cent loss of the use of the left arm at the shoulder. One witness gave it as his opinion that the claimant's improvement would be complete probably in six months or a year; that the malposition of

the collar bone, though permanent, should not have any effect upon his ability to do regular work later on; that after doing light work it would take about two weeks for him to do regular work. The finding of August 11, 1930, was based upon medical testimony to the effect that the disability consisted of a 25 per cent loss of the use of the left arm at the shoulder. One doctor estimated the disability at 50 per cent. At the hearing that resulted in the award of July 3, 1933, the claimant and two doctors testified. The claimant testified fully as to his repeated efforts to perform manual labor, and his inability to work for more than ten days or two weeks at any one job, due to the condition of his left arm, which he said was useless. Both doctors testified to the conditions discovered by them upon an examination of the claimant. One of them testified that in his opinion the claimant had at least a 50 per cent disability from the standpoint of his occupation, which is that of a miner. The other doctor rated the claimant's disability at 25 per cent as a working unit.

The doctors who testified in 1927 and 1930 did not have the benefit of a six-year history of the case, as did those who testified in 1933. In the meantime the claimant's experience in attempting to use his left arm had demonstrated to the satisfaction of the commission, that the injury suffered by him caused a greater disability than the commission supposed was the case when it passed upon the matter in 1927 and 1930, and it concluded that it had made a mistake in making the original award.

It was to enable the commission to do justice by correcting such and similar mistakes that section 4484 of the Compiled Laws was enacted. It works both ways, of course. Thus, if the commission, acting upon medical testimony given shortly after the accident, had awarded the claimant compensation for 25 per cent permanent disability as a working unit, and at a later hearing the commission became satisfied that it had made a mistake and that the disability was not so great as the commission at

first supposed it was, it would have the power to decrease the award.

We cannot say that the evidence was not sufficient to support the findings and award of July 3, 1933.

The judgment is reversed, and the district court is directed to render judgment affirming the award of the commission.