No. 13,401.

CLAYTON COAL COMPANY ET AL. *v.* ZAK ET AL.

(29 P. [2d] 374)

Decided December 22, 1933. Rehearing denied January 29, 1934.

Mr. Frank C. West, for plaintiffs in error.

Mr. Paul P. Prosser, Attorney General, Mr. M. S. Ginsberg, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

This case is here under the Workmen's Compensation Act for summary review of a judgment rendered by the district court, affirming an award made by the Industrial Commission in favor of one Zak. The employer and its insurer, plaintiffs in error here, contend that the commission acted without and in excess of its powers, and that the findings of fact by the commission do not support the award. The original award was entered by the referee on January 27, 1933, granting compensation for temporary disability and finding that no permanent disability had resulted. That award was expressly approved by supplemental award of April 1, 1933. No petition for review was filed by either side and the award became final.

Thereafter the only legal way of reopening the case was by resort to C. L. '21, §4484, which reads as follows: "Upon its own motion on the ground of error, mistake or a change in conditions, the commission may at any time after notice of hearing to the parties interested, review any award and on such review, may make an award ending, diminishing, maintaining or increasing the compensation previously awarded * * *." Obviously acting under that section, the commission ordered a further hearing, its "findings of fact and award" of April 28, 1933, stating that such further hearing should be had "to determine whether or not there has been error, mistake, or change in conditions." The referee accordingly took additional evidence, consisting of the testimony of a physician. The supplemental award of June 19,

1933, contained no specific finding that any error, mistake, or change in condition had intervened. However, since it awarded compensation for permanent disability, we must assume that the commission regarded itself as having previously erred. When in the former award it decided that there was no permanent disability, it had evidently committed an error which it corrected by the aforesaid supplemental award of June 19, 1933. Under the principle laid down in *Colorado F. & I. Co. v. Industrial Commission*, 85 Colo. 237, 275 Pac. 910, the judgment of the district court, affirming the commission's award, will be affirmed.

Judgment affirmed.