No. 13,424.

SHERRATT ET AL. *v.* ROCKY MOUNTAIN FUEL COMPANY ET AL.
(30 P. [2d] 270)

Decided January 29, 1934. Rehearing denied March 5, 1934.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. O. A. JOHNSON, for plaintiffs in error.

Mr. FRANK C. WEST, for defendants in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

The defendants in error were plaintiffs in the trial court where they sought to set aside an award of the Industrial Commission of the state of Colorado, and will be referred to herein as the fuel company and the insurance company. The plaintiffs in error will be referred to as the claimant and the commission. To review an adverse judgment, the claimant and the commission prosecute this writ.

The judgment of the district court of which the claimant and the commission complain, was entered October 9, 1933, and was to the effect that the commission acted without and in excess of its powers in making its award of June 29, 1933, and its affirmation of same on July 10, 1933, and vacated said award and remanded the case to the commission with directions to deny further compensation. This judgment, on a petition for rehearing, was modified and the case remanded to the commission for further hearing and proceedings in conformity to the former ruling of the court.

Arising out of and in the course of his employment by the fuel company, the claimant sustained an injury on November 18, 1929, upon which he made claim for compensation. After hearing, the commission on May 29, 1930, entered its findings and award. It found that the claimant was temporarily totally disabled from November 18, 1929, to April 23, 1930; that he sustained a permanent disability equivalent to ten per cent as a working unit, and awarded him compensation from November 29, 1929, to April 22, 1930, for temporary total disability, and the full sum of $2,572.02 thereafter as compensation for permanent partial disability. By the referee's order entered June 3, 1930, the fuel company and the insurance company were relieved from payment for temporary disability for the period from November 30, 1929, to January 8, 1930, during which period the claimant had

worked. In December, 1930, the insurance company applied for hearing on the matter of the change of the condition of claimant's disability. A hearing was had and on April 9, 1931, the commission entered its supplemental award upon the following finding: "That this claimant has made a complete recovery from his accident of November 18, 1929, and has sustained no permanent disability." The entire matter thus stood until February, 1933, at which time the commission, on its own motion, ordered a further hearing "to determine whether there has been error, mistake or change in condition." Upon the hearing so ordered, the commission, on May 29 ,1933, found that "there is no showing made of error, mistake or change in condition," and further ordered that the claim for further compensation be denied. The claimant made an unsuccessful attempt to have this last order for award reviewed by the commission, which is shown by the supplemental award dated June 17, 1933, the commission finding "that there has been no error, mistake or change in condition."

On June 26, 1933, claimant filed his petition for review of the last mentioned award and as grounds therefor, stated: "That on April 9th, 1931, this Commission suspended or denied the payment of further permanent disability after previously having found that he was ten per cent permanently disabled, and having paid only a small portion of the permanent disability; since then it has been re-opened and found by this Commission that the claimant is still suffering ten per cent permanent disability and this Commission did not reinstate or make an order for the payment of permanent disability awarded to claimant, of which there is a balance due of over $1,841.00, and this Commission should enter an order reinstating the permanent disability and order the Insurance Company to pay the permanent award heretofore allowed."

Thereafter, on June 29, 1933, the commission entered its further supplemental award in which it stated that in

272

making its award of May 29, 1933, it overlooked its order dated April 9, 1931, whereby it denied further compensation and "again finds that the claimant's present disability is equivalent to ten per cent disability as a working unit." It then vacated the awards dated May 29, 1933, and June 17, 1933, and ordered the fuel company and the insurance company to resume payment under the referee's order of May 29, 1930, as amended June 3, 1930, and as by the subsequent award dated August 28, 1930, granting a lump sum settlement, the payment to become effective as of the date same was discontinued, and to continue until the compensation awarded be paid in full. The fuel company and the insurance company petitioned for a review of this last award on July 6, 1933, alleging that the commission acted without and in excess of its powers in modifying the award of April 9, 1931, by increasing the compensation theretofore awarded, for the reason that there were no findings or any evidence upon which findings could be based, of error, mistake or change in condition. This petition for review was denied July 10, 1933, and thereupon this action was commenced in the district court.

The claimant and the commission filed a demurrer to the complaint in this action alleging its insufficiency which was overruled and counsel argues that it should have been sustained by the court on account of the insufficiency of the complaint, in that it did not allege the corporate capacity of the fuel company and the insurance company. Upon examination of all matters connected herewith, the claimant and the commission were able to sufficiently identify the parties plaintiff and recognized their capacity to bring this suit. They were not misled or uninformed on a material matter, therefore, the overruling of their demurrer in no way affected a substantial right, and the assignment of error on this point does not merit further consideration.

The unsatisfactory condition of the record in this case makes its disposition difficult. We find refer-

ence to documents that are not in the record, as well as findings made without any disclosure as to the basis upon which they were made. Based upon testimony, we find an award of April 9, 1931, to the effect that claimant had made a complete recovery. Later, without any testimony, we find awards based upon findings to the effect that the claimant has an equivalent of ten per cent disability. From the face of the record, the award of April 9, 1931, was not subject to review other than, and only, upon the commission's own motion. That procedure is prescribed and limited by the statute. Unless such a proceeding was had by the commission upon one or more of the statutory grounds, which were shown to exist, then this award remained in full force and effect. Any supplemental award that would change, alter or modify the effect of the award of April 9, 1931, by which the claimant was found to have fully recovered from his injury, would require specific findings as to a change in this recovered condition. We find awards of the commission on its own motion dated May 29, 1933, and June 17, 1933, with the specific finding "that there has been no error, mistake or change in condition."

We now come to the consideration of the award of June 29, 1933, wherein it is stated that in making the awards of May 29, 1933, and June 17, 1933, the commission had overlooked the award of April 9, 1931. It then vacated the subsequent awards and directed resumption of payments under the award dated May 29, 1930, thereby leaving the award of April 9, 1931, standing, and containing a specific finding of a complete recovery, but going back of that date and directing payments as of almost one year preceding, and to continue down to date. We are wholly unable to follow the trend of this attempt of the commission to ignore its own solemn act. If the commission was attempting to follow the statute, it failed; if it attempted to disregard the explicit requirement of the statute, then it acted without authority. It did not find that there was any error or mistake in the

274

award of April 9, 1931. It did not find that there had been a changed condition since the date of that award, but specifically found there had been no error, mistake or change in condition. It did find that the claimant had a present ten per cent disability. The only evidence that could even tend to justify this finding, if it can be called a finding, was claimant's own testimony given in March, 1933, to the effect that his condition had been worse in the last or preceding ten months. This would not justify an award requiring the resumption of payments over a period of time during which the commission found the claimant had fully recovered. With such inconsistencies existing on the face of the record in this case, the court could not properly affirm the awards of the commission based upon such findings.

How can we say that the bare award as made by the commission was in any way supported by its finding, if it made no finding disclosing what it found? The mere words in the award, "we find," mean little unless followed by language clear upon its face, reasonably disclosing that something had been found. Reasons for findings are mandatory.

■ Authority to award a fixed aggregate amount of compensation must come from a finding, in the award, of permanent disability. Such does not appear, and the point requires no further discussion. It is impossible to determine what moved the commission to enter the award of June 29, 1933, as made. The award contains no finding or conclusion as to the fact, and gives no statutory reason to support it.

The judgment of the trial court was right and is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.