No. 13,619.

ROCKY MOUNTAIN FUEL COMPANY ET AL. *v.* CANIVEZ ET AL.
(40 P. [2d] 618)

Decided January 21, 1935.

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. B. F. Reed, Mr. Wade P. Connell, Mr. M. M. Rinn, Mr. Paul P. Prosser, Attorney General, Mr. M. S. Ginsberg, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

On January 14, 1933, Arthur Canivez, to whom reference is hereinafter made as claimant, sustained a personal injury as the proximate result of an accident arising out of and in the course of his employment with the Rocky Mountain Fuel Company which, with its insurance carrier, we will designate as respondents. The injury consisted of a hernia on the right side at or near the operative scar of a previous hernia sustained in 1931. Claim was made before the Industrial Commission of Colorado, one of the defendants in error, to which we will refer as the commission. After hearings, compensation for temporary disability was allowed and paid to claimant, and on October 3, 1933, a referee of the commission made a finding to the effect, that the claimant had not sustained any permanent disability, and that temporary disability terminated July 31, 1933. A review of this finding was requested and allowed, and November 2, 1933, the commission confirmed the finding and award of the referee, following which, other proceedings were had resulting in a supplemental award by the commission December 27, 1933, in which it again confirmed its award of November 2nd. January 15, 1934, the claimant, through counsel, applied for reopening on the ground that the commission had erred in its award of November 2, 1933, and in support thereof, set forth a number of grounds for reconsideration. January 18, 1934, the commission entered an award, reciting that it had reviewed the files, and petition of the claimant to reopen the case on its own motion, and being sufficiently advised, found that another

hearing should be had to determine whether or not there had been error, mistake or change in condition. Thereupon followed notice to all parties in interest, of a further hearing to be had January 31, 1934. After various hearings, the commission, May 26, 1934, entered its award to the effect that the former award of November 2, 1933, was in error in holding that the claimant had suffered no permanent disability. It made a finding that the claimant had a 40 per cent permanent disability as a working unit and fixed compensation at the rate of $6.73 per week until claimant had received a total sum of $3,638.18. The respondents petitioned for a review of this award which was granted, and July 3, after reviewing the entire case, according to its recitals, the commission again, by its so termed supplemental award, found that it was in error in its award of November 2, 1933, and confirmed its award of May 26, 1934, wherein it had determined and fixed permanent disability. Thereafter this action was filed in the district court, where, after hearing, the award of the commission as finally made, was confirmed, and error is assigned.

The last or supplemental award contains the following: ''Some time after the Commission affirmed its award of November 2, 1933, the doctors' reports were again read, and the Commission again reviewed the entire file in this case. After so doing, it was decided that a mistake had been made and that previous awards were in error in finding that this claimant had sustained no permanent disability as a result of the accident. It was, therefore, decided that the claimant was entitled to another hearing to determine if any error or mistake had been made.'' This is the decision upon which counsel for respondents bases his contention that error was committed and for which they seek a reversal of the judgment. The tenor of this contention is to the effect that the commission acted without and in excess of its powers as set forth in the statute governing the reopening of such cases upon the commission's own motion, in that by the wording of

the above quoted portion of the finding, it had prejudged or decided that a mistake had been made, prior to a hearing to determine if such mistake had actually been made. He further contends that there is no evidence to support a finding of permanent disability, as made by the final awards, which had not been fully presented before the commission prior to making of its previous awards, whereby it was determined that there was no permanent disability. It is insisted that under the decisions of this court, when a case is reopened on the commission's own motion, on the ground of 'error, mistake or change of condition, it is necessary that a finding of the existence of such ground should be supported by the evidence, and counsel strongly urges that both parties were entitled to a decision of the issues before the commission upon a full consideration of the case, and contends that the action of the commission in prejudging the case before a hearing, is irrefutably proven by the statement contained in the award.

██ Standing alone, as the findings and award, or as the basis for reopening the case, the above quoted paragraph might be reasonably sufficient upon which to base the contention made by counsel; but it is only a part of the final findings and award, which taken as a whole, seem to be sufficient under the rule laid down in *Hayden Bros. Coal Corp. v. Industrial Commission,* 90 Colo. 503, 10 P. (2d) 325; *Sherratt v. Rocky Mountain Fuel Co.,* 94 Colo. 269, 30 P. (2d) 270.

The part to which objection is made can be considered as mere surplusage and unnecessary to the sufficiency of the finding, and, moreover is an after recital of the commission's actions at the time of the entry of the order reopening the case. Had this appeared in the order or finding that a mistake had been made, at the time the case was reopened, it would not have changed the situation which was the ultimate result of the commission's action herein. The contention that the commission had prejudged or decided that a mistake had been made does not

fit the facts. Long before the entry of the award containing this statement, the commission had, by its award of January 15, 1934, after a review of the files, and particularly upon application of claimant to reopen the case, found that a hearing should be had as to whether or not there had been error, mistake or change of condition, and it held a hearing thereon, the result of which was the finding of which complaint is made. When claimant applied for reopening of the case on the ground of error, mistake or change of condition, it was necessary, for the disposition of claimant's application, that a decision be made. The commission was required to decide, either that there had been no mistake, deny the application and reaffirm its former award, or that a hearing should be had to determine the probability of such mistake or error. The evil of allowing the commission to reopen such cases and change an award without reasons or findings, as counsel points out, is apparent, and this court has laid down the rule that the reasons for findings are mandatory. In this case, there has been a compliance with such rule as will be apparent from a reading of the commission's final award, which is fully set out in the record and is as follows:

"In the above entitled cause, the Commission having further considered the entire file as prayed by the application for review, filed by the respondents, June 6, 1934, and having considered the brief of the respondents and being now fully advised in the premises, finds:

"That this claimant sustained an accident arising out of and in the course of his employment January 14, 1933, and left work upon that date. His injury consisted of a right inguinal hernia, the appearance of which was preceded by accidental strain and accompanied by pain. His temporary total disability terminated August 1, 1933. His average weekly wages were $13.46.

"On October 3, 1933, the Referee awarded compensation to the claimant at $6.73 per week, from January 25, 1933, to July 31, 1933, both dates inclusive, as compensa-

tion for temporary disability, and found that the claimant had no permanent disability as a result of his accident of January 14, 1933.

"Upon petition for review by the claimant, this Order was affirmed by the Commission, in an award dated November 2, 1933, and upon application for review, the Commission on December 27th, 1933, affirmed its award of November 2, 1933.

"Some time after the Commission affirmed its award of November 2, 1933, the doctors' reports were again read, and the Commission again reviewed the entire file in this case. After so doing it was decided that a mistake had been made and that previous awards were in error in finding that this claimant had sustained no permanent disability as a result of the accident. It was, therefore, decided that the claimant was entitled to another hearing to determine if any error or mistake had been made. On January 12, 1934, the Commission ordered another hearing, which was held on January 31, 1934, at which hearing two doctors' reports were filed and the hearing was continued to the next trip of the referee to Boulder, Colorado. A hearing was held at the Court House in Boulder at ten o'clock a. m., April 18, 1934.

"After reviewing the entire file, including the last two hearings, the Commission is of the opinion that the previous awards of the Commission were in error when it found that this claimant had sustained no permanent disability as the result of his accident.

"Therefore, the Commission finds that the claimant herein at the present time has, as a result of his accident, sustained forty per cent permanent partial disability as a working unit.

"The claimant's age was forty-three years; his expectancy of life is 23.99 years.

"It is, therefore, ordered that the respondents above named pay compensation to the claimant at $6.73 per week, from August 1, 1933, and continuing thereafter at the same rate, until the full sum of $3,638.18 shall have

been paid, as compensation for claimant's permanent partial disability.''

The contention of counsel for respondents that there was no different or additional evidence before the commission when it changed its award, from that produced before the commission when it made its former, and essentially different award, and that therefore there was no evidence before the commission upon which tc base its final award, is unavailing, for the reason that the original award was based upon conflicting evidence, as to the effect of which reasonable minds could have differed. By a reconsideration, the commission might well have found that it had improperly weighed this evidence; but in addition thereto, witnesses were examined, reports reviewed and there was ample opportunity for the commission to abandon its former conviction. We must assume—in the absence of any showing of fraud—that the commission itself was satisfied that it had made a mistake; and considered that it was its plain duty to correct the same, and we are not prepared to say that there was no substantial evidence to support such a change of opinion.

Courts should not allow the commission to change or alter its award through caprice, and without any stated reasons, either for reopening the case, or as the basis of the findings supporting an award; but there will be no interference with its discretion to review an award unless the discretion is clearly abused, or there is a showing of fraud, when there is evidence upon which it can determine the issues in favor of, or against the claimant, that would reasonably support a change of conclusion.

There is evidence to support the final and supplemental award of the commission and therefore the judgment of the trial court in sustaining the award of the commission was correct and is affirmed.

Mr. Justice Campbell not participating.