No. 13,669.

ROCKY MOUNTAIN FUEL COMPANY ET AL. *v.* SHERRATT ET AL.

(45 P. [2d] 643)

Decided March 11, 1935. Rehearing denied April 1, 1935.

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. O. A. JOHNSON, Mr. J. H. RICHARD, for defendants in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiffs in error are hereinafter referred to as the Fuel Company and the Insurance Company respectively, defendants in error William L. Sherratt as Sherratt and the Industrial Commission of Colorado as the Commission.

This is a workmen's compensation case. The Insurance Company carried the Fuel Company's insurance. While employed by the Fuel Company Sherratt was injured in an accident growing out of and in the course of that employment. The history of this case up to March 5, 1934, in so far as material here, will be found in *Sherratt v. Fuel Company,* 94 Colo. 269, 30 P. (2d) 270, which involved the same accident and the same injury, hence that history is not now repeated.

April 2, 1934, the commission, apparently on its own motion and for the purpose of considering possible error in its former award, or changed conditions, set a hearing for some two weeks later, which was continued on May 29, July 6, and August 7, following. Some testimony, including reports of physicians, was taken on each of said dates. Thereupon the cause was submitted and briefs filed and, September 21, 1934, the commission affirmed its former award, finding no error, mistake or change in conditions, holding that the case would not be reopened, and that "the claim for further compensation be and the same is hereby denied."

October 16, 1934, by supplemental award, the commission found error in its former award against Sherratt, that he had in fact sustained a ten per cent permanent injury, that former awards in his favor should be reinstated, and that payments thereunder should be renewed as of the date when discontinued. It thereby reinstated its award of June 29, 1933, which the district court had annulled, and which judgment we had affirmed in *Sherratt v. Fuel Company, supra.* This it did on the identical evidence on which it held the contrary less than one month

before, and with no finding save that "after an exhaustive study of all the evidence herein" it was the opinion of the commission "that it committed error in its award." This of course amounts to nothing more than a statement that "the Commission has changed its mind."

It is true that in *Rocky Mountain Fuel Company v. Canivez,* No. 13619, decided January 21, 1935, 96 Colo. 198, 40 P. (2d) 618, some countenance is apparently given to the power of the commission to so act. The language there used is "By a reconsideration, the commission might well have found that it had improperly weighed this evidence." But since, in the Canivez case, there had been considerable additional evidence, as the author of the opinion points out, the above quotation, if accepted at its face, which it should not be, was mere dictum. If, with no additional evidence, and with no reasonable explanation, the commission may rehear on its own motion, and make flatly contradictory findings and awards, then claimants, employers and insurance carriers may alike be the victims of mere whim and caprice, and with no evidence of fraud, error, mistake or changed conditions, awards may be entered, withdrawn and reversed, and this process, like Tennyson's brook, may go on forever. The ancient maxim that there must be an end of litigation should still have some applicability, even in workmen's compensation cases. At best the difficulties and uncertainties surrounding the administration of this law are sufficiently disconcerting and discouraging without making its judgments wholly dependent upon mental stability.

In *Sherratt v. Fuel Company, supra,* we said: "Any supplemental award that would change, alter or modify the effect of the award of April 9, 1931, by which the claimant was found to have fully recovered from his injury, would require specific findings as to a change in this recovered condition." In the same case we said: "Reasons for findings are mandatory." That statement applies to errors as well as changed conditions, and to it we now

add that mere ''change of mind'' with no statement of sufficient reasons therefor, is no compliance with the law.

The judgment is reversed and the cause remanded to the district court with directions to enter judgment instructing the commission to vacate its award of October 16, 1934, and reinstate that of September 21, 1934.

MR. CHIEF JUSTICE BUTLER, MR. JUSTICE YOUNG and MR. JUSTICE HOLLAND concur.

*On Motion for Modification of Opinion.*

MR. JUSTICE BURKE.

We are asked to modify the foregoing opinion to authorize the taking of further evidence and the entry of an award thereon, and the entry of an award, contrary to that of September 21, 1934, without the taking of further evidence, provided sufficient reasons therefor be stated by the commission. Such questions not being before us we express no opinion thereon.

MR. CHIEF JUSTICE BUTLER, MR. JUSTICE YOUNG and MR. JUSTICE HOLLAND concur.