## No. 13,904.

## CENTURY INDEMNITY COMPANY *v.* KLIPFEL ET AL.

(61 P. [2d] 842)

Decided June 29, 1936.   Rehearing denied October 5, 1936.

Mr. William T. Burris, Mr. Charles' J. Ribar, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. Louis Schiff, Assistant, Mr. Benjamin F. Koperlik, for defendants in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

This is a workmen's compensation case. Claimant Klipfel was an employee of the Ashley Lumber Company working as a logging foreman. August 5, 1931, as it is alleged, he strained his back while engaged in his employment, resulting in the disability around which this controversy centers. The Century Indemnity Company carried compensation insurance for the Ashley Lumber Company. It filed an admission of liability to pay compensation for temporary disability and for such permanent disability as might thereafter be determined. The claimant returned to work nineteen days after the accident. December 16, 1931, the Industrial Commission by its referee found that the temporary disability ended August 22nd and made an award accordingly. No petition to review this award was filed by the claimant, the employer or the Century Indemnity Company.

November 3, 1931, claimant sustained a second accidental injury and filed his claim for compensation. At

that time the Travelers Insurance Company carried the compensation insurance for the Ashley Lumber Company. The Travelers company filed its admission of liability to pay compensation for temporary disability and for such permanent disability as might thereafter be determined. It paid temporary disability compensation and in due course of time the matter was set for hearing on the question of permanent disability. February 17, 1933, and before the hearing, the attorney for the Travelers Insurance Company wrote the commission suggesting that the evidence on the hearing would show that the permanent disability, if any, was attributable not only to the accident of November 3, 1931, but also to the accident of August 5, 1931. Upon receipt of this letter the commission caused the Century Indemnity Company to be brought into the case, and after hearings in which additional testimony was taken, made its finding that "his [claimant's] permanent disability by reason of both accidents is 10 per cent as a working unit, and the permanent disability due to each of the accidents cannot be segregated but must be charged jointly to both accidents." It fixed the amount of compensation and ordered that one-half be paid by the Century Indemnity Company and one-half by the Travelers Insurance Company. This finding and award was sustained by the district court which entered its judgment for claimant. The Century Indemnity Company brings the cause here on writ of error.

While the cause was pending in the district court the Travelers Insurance Company and the claimant entered into a stipulation for payment in a lump sum of the amount assessed against the company. The stipulation was filed in court and upon motion of the Travelers company and over the objection of the Century company the cause was dismissed as to the former.

The Century Indemnity Company assigns as error: 1. That the district court erred in affirming the final award of the commission. 2. That the evidence was insufficient to support a modification of the award of the

commission for compensation for temporary disability arising out of the first accident and finding no permanent disability arising out of that accident. 3. That the Industrial Commission was without jurisdiction to modify the award on the first accident in the absence of specific findings based on evidence of a mistake or change of conditions with respect to such award. 4. That the court erred in sustaining the motion to dismiss as to the Travelers Insurance Company, over the objection of the plaintiff in error, the Century Indemnity Company.

■ We shall first consider the last assignment of error, which we think is not well taken. We know of no rule of law which prevents any party to a judicial proceeding, against whom a several award or judgment has been entered, from accepting that award or judgment as final and making a settlement thereon. Here such settlement and the dismissal of the Travelers company from the case cannot and will not be permitted to prejudice the plaintiff in error in this court or in any rehearing or other proceedings that may hereafter be had.

■■ Before the hearing on the question of permanent disability caused by the last accident, the attorney for the Travelers Insurance Company advised the commission that on the hearing testimony would be introduced to the effect that the permanent injuries, if any, sustained by claimant would be shown to be in part attributable to the accident of August 5, 1931. This in effect called the commission's attention to the asserted fact that it had made a mistake in its award of December 16, 1931, based on the first accident. While the commission might have considered such evidence when produced, merely in bar pro tanto of the liability of the Travelers Insurance Company, and if convinced that it had made a mistake in its former award on its own motion could have ordered a rehearing on the ground of mistake in the original award, nevertheless it was acting within its jurisdiction and providing for an expeditious determination of the controversy in bringing the Century Indemnity Company in as

a party to the hearing, in order that relief might be granted to claimant against its mistake in the award of December 16, 1931, if the evidence should disclose that such a mistake had been made. Section 4484, C. L. 1921, clearly provides for a review of any award by the commission upon its own motion. That statute is as follows: "Upon its own motion on the ground of error, mistake or a change in conditions, the commission may at any time after notice of hearing to the parties interested, review any award and on such review, may make an award ending, diminishing, maintaining or increasing the compensation previously awarded, subject to the maximum and minimum provided in this act and shall state its conclusions of facts and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys already paid." See *Employers' Mutual Ins. Co. v. Industrial Com.*, 83 Colo. 315, 265 Pac. 99.

Plaintiff in error, the Century Indemnity Company, relies on our opinion in *Rocky Mt. Fuel Co. v. Sherratt*, 96 Colo. 463, 45 P. (2d) 643, as authority sustaining its contention that it was error for the commission, on its own motion, to change its award of December 16, 1931, based on the first accident. In the Sherratt case the commission modified and changed its final award. With respect to its action in so doing we said: "This it did on the identical evidence on which it held the contrary less than one month before, and with no finding save that 'after an exhaustive study of all the evidence herein' it was the opinion of the commission 'that it committed error in its award.' This of course amounts to nothing more than a statement that 'the commission has changed its mind.' "

In the instant case the commission did not act in the matter of changing its award until after it had heard additional evidence. This distinguishes it from the Sherratt case and brings it within the rule of *Rocky Mountain Fuel Co. v. Canivez*, 96 Colo. 198, 40 P. (2d) 618, in which

we used the following language: "By a reconsideration, the commission might well have found that it had improperly weighed this evidence; *but in addition thereto, witnesses were examined, reports reviewed and there was ample opportunity for the commission to abandon its former conviction.* We must assume—in the absence of any showing of fraud—that the commission itself was satisfied that it had made a mistake; and considered that it was its plain duty to correct the same, and we are not prepared to say that there was no substantial evidence to support such a change of opinion." (Italics ours.)

In *Rocky Mt. Fuel Co. v. Sherratt, supra,* we quoted from *Sherratt v. Rocky Mt. Fuel Co.,* 94 Colo. 269, 30 P. (2d) 270 (this case having been twice before the court), and said: " 'Any supplemental award that would change, alter or modify the effect of the award of April 9, 1931, by which the claimant was found to have fully recovered from his injury, would require specific findings as to a change in this recovered condition.' In the same case we said: 'Reasons for findings are mandatory.' That statement applies to errors as well as changed conditions, and to it we now add that mere 'change of mind' with no statement of sufficient reasons therefor, is no compliance with the law."

In the instant case in the final award of the commission based on a hearing on the claim for compensation for the second accident, and upon a rehearing on the claim for compensation for the first accident, it does not set aside or mention the finding of its referee in the first case that there was no permanent disability arising out of the first accident, but it does specifically find that there was a permanent injury resulting in a ten per cent disability of the claimant attributable to both accidents. In so finding, we think there was a compliance with the spirit of the rule announced in the first Sherratt case, to the effect that a statement of reasons for a modification of an award is mandatory. We can conceive of no clearer case of mistake than one in which the commission makes a

finding of no permanent injury and denies compensation, when in fact a permanent injury has been sustained which would entitle the claimant to compensation if the facts had been known, established and correctly acted upon. The commission found permanent injury attributable to the first accident and so held in its findings and award here questioned. Such findings to be legal must of course be based upon evidence, and this brings us to a consideration of the question of whether the evidence here was sufficient to support the final award of the commission based upon the finding that there was a permanent injury sustained by claimant attributable to both accidents, and the requirement that one-half of the total award be paid by each of the insurance carriers.

We have too often held to require citation of authorities that the finding of the commission based on conflicting evidence is binding on courts of review. One notable instance of such holding is to be found in *Employers Mutual Insurance Co. v. Industrial Com., supra.*

The medical testimony is sufficient to sustain the finding of the commission that the claimant was suffering a ten per cent disability as a working unit by reason of these two accidents. Dr. Norman testified that it was his opinion that each accident aggravated the existing condition with which claimant was born. We think his testimony justifies the finding of the commission that the ten per cent disability was attributable to both accidents.

We are not unaware of the fact that liability of each of the two insurance carriers here involved to pay compensation is a contractual liability and that it is a several and not a joint obligation. We further are mindful of the provisions of the compensation act found in section 4399, C. L. 1921, which is in part as follows: ''Every contract insuring against liability for compensation or insurance policy evidencing the same, must contain a clause to the effect that the insurance carrier shall be directly and primarily liable to the employe, and in the event of his death, to his dependents, to pay com-

pensation, if any, for which the employer is liable, thereby discharging to the extent of such payment the obligations of the employer to the employe that, as between the employe and the insurance carrier, the notice to or knowledge of the occurrence of the injury on the part of the employer shall be deemed notice or knowledge, as the case may be, on the part of the insurance carrier that jurisdiction of the employer shall, for the purpose of this act, be jurisdiction of the insurance carrier, and that the insurance carrier shall in all things be bound by and subject to the orders, findings, decisions or awards rendered against the employer under the provisions of this act." It will be observed that this statute provides for the payment by the insurance carrier of compensation "for which the employer is liable, thereby discharging to the extent of such payment the *obligations of the employer* to the employe." (Italics mine.)

Section 4401, C. L. 1921, provides that if the employer shall not have complied with the insurance provisions of the act, an injured employee may claim the compensation and benefits provided by the act and in such case the amounts of compensation specified shall be increased fifty per cent. Since the evidence is clear that there is a permanent injury and disability attributable to both accidents, it follows that if the employer had not taken insurance he would be liable for such disability as resulted from the concurring effects of the two accidents. No difficulty would have arisen under the evidence had the same insurer carried the risk at the time of the occurrence of both accidents. A reasonable construction of the two sections of the statute mentioned is, that it was the policy of the legislature to place the obligation to pay compensation in the first instance on the employer. For reasons of policy which we need not consider, but which readily suggest themselves, the legislature further saw fit to provide for insurance of employers' liability to pay compensation and to require that the insuring company assume a primary liability to an injured employee. While

in this case one of the insurance carriers has accepted the award and made payment, it might with equal force have made the same objections to the insufficiency of the evidence to fix its proper proportion of the award, as are here made by the plaintiff in error. If we were to hold such objections good, we should have a situation in which an employee has sustained permanent injuries in two accidents while working for the same employer, resulting in a ten per cent permanent disability, but unable to recover compensation because he could not definitely apportion the amount of disability attributable to each accident.

We think it is the policy of the Workmen's Compensation Act to at all times hold the employer primarily liable to the employee for disability proximately resulting from accidents arising out of and in the course of the employment. We are fortified in this conclusion by the provision of section 4399, supra, that payments by the insurer discharge "to the extent of such payment the obligations of the employer to the employee." It was not within the power of the employee to require the employer to insure in one company, nor was it within his power to prevent the employer from insuring in two companies; but it was within the power of the employer and the two insurance companies to provide, as they might deem advisable, against just such a contingency as has here arisen. The commission, as a fact-finding body, has exercised its best judgment in assessing the payment of this award against the two companies equally, basing its judgment probably upon the question asked of Dr. Norman, "Would you charge this to either one of the accidents or would it be your opinion that the permanent disability should be divided between the two?" and his answer in part: "I think it would be impossible to separate the disability as between the two accidents." There being sufficient evidence to sustain the finding of a ten per cent permanent disability by the commission and as resulting from the concurring effects of the two accidents, and the evidence

likewise disclosing a mistake on the part of the commission in finding no permanent disability caused by the first accident, we are not disposed to disturb the award equally apportioning the burden between the two respondent insurers. The employer paid each of them to indemnify him against liability for accidental injury to this claimant. Presumably both insurers are financially responsible. Each has contracted to indemnify the employer for a portion of a disability caused by two accidents for which the employer is unquestionably liable.

The rights of the employer and the two insurers inter se are not involved in this action other than collaterally. As between themselves we leave them to settle their problems as they may be advised.

The judgment is affirmed.

MR. JUSTICE BOUCK dissents.

MR. JUSTICE BOUCK, dissenting.

After a full hearing the Industrial Commission found the claimant Klipfel entitled to compensation for *temporary* disability caused by an industrial accident on August 5, 1931.

*It also found—upon the uncontradicted evidence of the claimant and his physician—that no permanent disability had resulted.* No petition for review was filed by either side and the commission's order therefore became final under section 95 of the Workmen's Compensation Act (C. L. 1921, sec. 4469, as amended by S. L. '23, p. 755, sec. 4). Moreover, the compensation awarded was duly paid.

The claimant having sustained a second and wholly disconnected accident on November 3, 1931, the commission ordered a hearing thereon. The same employer was involved, but the insurance carrier had in the meantime been changed.

*At the suggestion of the new insurance carrier the case involving the first accident was reopened.* Not only so,

but *the two cases were then heard together.* Incidentally it is to be noted that at the hearing in the first case the second accident had already taken place and was directly mentioned by the witnesses. After the second hearing the commission entered in the first case a supplemental award for half the compensation granted for the permanent disability alleged to have been caused by both accidents combined. In the second case an award for a like half was entered.

I am unable to agree with the judgment and opinion of the court herein sustaining the foregoing procedure and approving the supplemental award thus entered in the first case. My reasons include the following:

1. The order in the first case having become a final adjudication between the parties upon a full and fair hearing, the reopening of that case could not be lawfully accomplished except under section 110 of the Workmen's Compensation Act (C. L. 1921, sec. 4484). This section provides: "Upon its own motion on the ground of error, mistake or a change in conditions, the commission may at any time * * * review any award * * *." There is no evidence whatever in the record or files as to any "error, mistake or change in conditions" here, within any reasonable interpretation of the statute. At the second hearing the additional evidence on disability consisted of expert testimony by a physician who examined the claimant about a year after both accidents had occurred. He did not purport to know anything concerning these accidents except as a matter of professional opinion.

The facts appearing in, and the principle laid down by, the case of *Independence Coffee and Spice Co. v. Taylor,* 97 Colo. 242, 48 P. (2d) 798, may well give us pause ere we lightly set aside a final award duly paid in full. Expert evidence should not be allowed to change an honest award by mere opinion, except in extraordinary circumstances not here present. It is noteworthy that, when we have permitted reopenings by the commission to stand,

the commission has perhaps without exception given notice of hearings to be held "to determine whether there had been any error or mistake in the previous award, or any change in the claimant's condition." *Reynolds v. Fraker Co.,* 94 Colo. 84, 28 P. (2d) 338; *Clayton Co. v. Zak,* 94 Colo. 171, 29 P. (2d) 374; *Sherratt v. Fuel Co.,* 94 Colo. 269, 30 P. (2d) 270. Compare *Rocky Mt. Co. v. Sherratt,* 96 Colo. 463, 45 P. (2d) 643. Such a notice was not given in the case at bar.

Mr. Justice Young's opinion says: "We can conceive of no clearer case of mistake than one in which the commission makes a finding of no permanent injury and denies compensation, when in fact a permanent injury has been sustained which would entitle the claimant to compensation if the facts had been known, established and correctly acted upon." This seems to imply the propriety of multiple hearings in all cases, with both sides racing to gather a little more evidence for the next retrial. It is readily seen that the broad doctrine so announced would invite a continually repeated reopening of cases, frequently at the instance of an endless procession of insurance carriers succeeding one another, attempting to avoid liability by throwing the burden upon their predecessors and thus gambling upon the chance of getting the commission to change its mind. The embarrassment and the danger attending such reopenings, especially when an independent industrial accident has intervened, as it has here, would result in perpetual uncertainty for employee, employer and insurer alike, the diametrical opposite of the simplicity intended by the Workmen's Compensation Act. But here another complication added to the difficulties by providing a joint hearing on two disconnected accidents. As a general rule, all parties are entitled to a trial of their case to the exclusion of and apart from trials of legally separate cases involving other causes of action, whether similar or not. It seems to me that the conditions here clearly demanded single, undiverted attention. Certainly the issue

of "error," or "mistake," could have been better determined in a hearing not bound up with an entirely separate cause of action.

2. As for such "change in conditions" as will justify a reopening, this must necessarily be a change in the conditions resulting from the particular accident and not a change due, as here, entirely to a subsequent and independent accident. The latter is the case here, hence it is clear that "change" was not here involved. It is not even claimed here, according to the record before us. Great liberality should be shown in reopening whenever a change does occur in conditions created by the basic accident, where the change occurs without the intervention of an independent cause.

3. From what I have said it will properly be inferred that I dissent largely because of this court's approval of what all must admit is a strangely anomalous, complex and confusing procedure. We have before us two separate claims, for which the same employer is liable to the full extent, but for each of which only one of the two insurance carriers can, under any known rule of legal liability, be liable. Yet this court approves the mingling of the two. I know of no accepted doctrine of liability which could at all reasonably justify the statement indulged in by the majority opinion herein: "It was not within the power of the employee to require the employer to insure in one company, nor was it within his power to prevent the employer from insuring in two companies; but it was within the power of the employer and the two insurance companies to provide, as they might deem advisable, against such a contingency as has here arisen. The commission, as a fact-finding body, has exercised its best judgment in assessing the payment of this award against the two companies equally, basing its judgment probably upon the question asked of Dr. Norman, 'Would you charge this to either one of the accidents or would it be your opinion that the permanent disability should be divided between the two?' and his answer in part: 'I

think it would be impossible to separate the disability as between the two accidents.' '' Nowhere in the record before us is there, by any reasonable interpretation, any other evidential basis than this—which is no recognized basis at all—for the result achieved. Not even the wildest guess was made, by any witness, as to the ratio of the respective disabilities from the two independent accidents as a criterion for compensation liability of the individual insurance carrier. There has been, I fear, a palpable translation of the judicial process into the realm of unfounded speculation. To that I cannot give my assent.

4. The unsoundness of the decision seems to me best indicated by its own closing words, which include what strongly resembles argumentum ad hominem: "The employer paid each of them to indemnify him against liability for accidental injury to this claimant. Presumably both insurers are financially responsible. Each has contracted to indemnify the employer for a portion of a disability caused by two accidents for which the employer is unquestionably liable. The rights of the employer and the two insurers inter se are not involved in this action other than collaterally. As between themselves we leave them to settle their problems as they may be advised."

Would any attorney harbor a hope, on the strength of this pronouncement, to institute an action on behalf of the original insurance carrier for the "settling" of "problems" arising out of the "rights of the employer and the two insurers inter se?" When such an action comes to this court, will the judges who concur in the majority opinion stand by this declaration?

I respectfully submit that the judgment herein should have been reversed and the case remanded to the district court with instructions to send it back to the Industrial Commission, directing that body to dismiss it as to the plaintiff in error, inasmuch as the award entered against the other insurance carrier is shown by the record to have been settled by stipulation between itself and the

claimant, without consulting the plaintiff in error carrier, which, as above indicated, was an involuntary party to the joint hearing purporting to deal with two separate accidents inextricably intermingled thereby. Only an unconditional dismissal of the proceedings could have done justice to the plaintiff in error in the actual state of the record.

Therefore I dissent from the majority opinion and from the denial of the petition for rehearing.