No. 15,410.

CONTES ET AL. *v.* METROS ET AL.
(144 P. [2d] 782)

Decided December 13, 1943.   Rehearing denied January 17, 1944.

Mr. E. V. HOLLAND, for plaintiffs in error.

Mr. CLARENCE W. BUTTON, Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. ST. GEORGE GORDON, Assistant, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

IN this proceeding under the workmen's act, claim was made for compensation for disability caused by a hernia which it is alleged resulted from an industrial accident. The case is now before us for the second time, our first opinion appearing in volume 110 of our reports, beginning at page 40, under the title, *Metros v. Denver Coney Island.* That opinion should be read in connection with the present one in order to obtain an understanding of the factual background of the litigation. The former judgment was adverse to claimant, reversing which, we ordered as follows: "The judgment is reversed and

the cause remanded with directions to the district court to transmit the case to the commission for findings in accordance with the requirements of the statute as outlined in this opinion, and then to report its action to the district court as required by section 381, chapter 97, '35 C.S.A."

In due course, the district court remanded the case to the Industrial Commission for compliance with our directions. The commission thereupon set the matter for further hearing, and testimony was introduced as to what had occurred bearing on claimant's right to, and the amount of, compensation to which he might be entitled, if any, in the light of his condition as disclosed by such testimony. In short, the commission supplemented the testimony theretofore introduced before it by bringing the matter up to date at the time of the hearing. It then made findings as required by the statute, and thereon entered an order awarding compensation. The employer, after taking the necessary procedural steps required by the statute, in due course instituted an action in the district court which, upon formal hearing, entered judgment approving the commission's award. This the employer asserts was error. The specification of points fairly sets forth the grounds of such asserted error upon which the employer relies, and its counsel, we think, fairly summarizes his specifications in stating that they raise in effect but one question; namely, "Did the commission follow the mandate of this court, or did it act in excess of its powers and authority?"

■■ It is pertinent to discuss briefly our directions in reversing the former judgment and their implications. The underlying reason for our reversal and order of remand was that the commission had failed to discharge its statutory duty by not making the findings required by the statute in such cases. Not having performed its duty in the first instance, the case when remanded, was before it in the same condition, and the commission

stood in the same relationship to it, including the same power and duties, as though it had theretofore taken no action whatsoever. While the commission had previously denied the claimant compensation, such denial, which was attacked by claimant by appropriate proceedings in the district court, was of no legal or binding effect because not based on findings of the statutorily prerequisite facts. The commission cannot be said to have changed its findings and order on its own motion · or upon the motion of any party, or even pursuant to our direction because, in contemplation of law, it had never made findings as required by the statute, and its order denying compensation without such findings, when attacked as stated, was without legal effect.

The foregoing analysis of the situation indicates the proper disposition of the employer's chief objection; namely, that it was error for the commission to take additional testimony before making further findings; that its duty upon receipt of our directions was to examine the evidence before it and on that alone make the findings required by the statute. As we read our directions, there was no such requirement thereunder. Section 381 specifically provides for the procedure followed in this case. So far as pertinent, it is as follows: "If upon trial of such action [in the district court] it shall appear * * * that the commission has * * * not in fact heard and determined the issues raised, the court shall, * * * transmit to the commission a full statement of such issue or issues not adequately considered, and shall stay further proceedings in such action until such issues are heard by the commission and returned to said court. Upon receipt of such statement, the commission shall hear and consider the issues not theretofore heard and considered, and may alter, affirm, modify, amend or rescind its finding, order or award complained of in said action, and it shall report its action thereon to said court within a reasonable time after its receipt of the statement from the court. * * *" If this were not so, the

commission might find itself in the position of being obliged to determine certain facts without the benefit of the testimony of witnesses having knowledge concerning them, an evident impossibility. In the instant case the commission, for aught we know, in the light of the court's direction, may have re-examined the testimony theretofore taken with a view to making the specific statutory findings which we directed be made and which it theretofore had not made, and upon such examination concluded that the evidence required findings of fact under which claimant would be entitled to compensation. If it did so, it then became its duty in order to expedite the final determination of the cause, to ascertain the amount of such compensation, which required not only a consideration of the facts as they existed at the time of the last preceding hearing, but also those concerning claimant's disability, its extent, and duration up to the time when, in the light of its findings on the facts, an award was to be made. Proceeding thus, it has made possible a review of the entire case, rather than injecting into it the possibility of a piecemeal review by determining at one time that claimant sustained a compensable injury, and then, perhaps after this court had approved such findings, at another time determining the extent and duration of his injury and the amount of his compensation, which findings also would be subject to review. That the foregoing is a reasonable procedure is apparent from the fact that the employer specifies as error that the evidence does not support the judgment. This point is not argued in the briefs and we need not discuss it, but if relied upon, it could properly be determined here.

The cases upon which counsel for employer rely as supporting his contention that the commission has changed its findings and award without assigning reasons therefor sufficient in law, are: *Mishmish v. Hayden Coal Co.,* 98 Colo. 373, 56 P. (2d) 21, *Sherratt v. Rocky Mountain Fuel Co.,* 94 Colo. 269, 30 P. (2d) 270, and

*Rocky Mountain Fuel Co. v. Sherratt,* 96 Colo. 463, 45 P. (2d) 643. We have examined these cases and none involves a situation where the cause was remanded to the commission by order of court to make statutorily required findings. They are clearly distinguishable from the instant case for this reason. If we had jurisdiction to direct the district court to require the commission to make findings of facts not theretofore found, then it is obligated to make such findings. To require of the commission a statement of any reasons for making such findings, other than that it was so directed by the court, would be an utter futility.

Judgment affirmed.

MR. JUSTICE GOUDY not participating.