No. 15,510.

CONTES ET AL., DOING BUSINESS AS DENVER CONEY ISLAND
*v.* METROS ET AL.
(153 P. [2d] 1000)

Decided November 20, 1944.  Rehearing denied December 11, 1944.

Mr. E. V. HOLLAND, for plaintiffs in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-

RENCE HINKLEY, Deputy, BARBARA LEE, Assistant, Mr. CLARENCE W. BUTTON, for defendants in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THIS review is directed to a judgment of the district court affirming the action of the Industrial Commission in refusing to reopen and review a final award in a workmen's compensation case upon the petition of plaintiffs in error. Other phases of the case have been considered by this court on two prior occasions. In its first appearance, the Industrial Commission had denied the claim of defendant in error Metros, hereinafter to be called the claimant, for compensation for disability allegedly arising from a hernia said to have been incurred in an industrial accident while employed by plaintiffs in error, whom we shall designate herein as the "employers." Upon review, in *Metros v. Denver Coney Island,* 110 Colo. 40, 129 P. (2d) 911, the case was remanded and ordered transmitted to the commission for specific findings of fact as required by the pertinent statute. Following such remand, the commission, after re-examining its record of the original hearing, and taking supplemental testimony, entered an award of compensation to the claimant, which was upheld by the district court. In the review instituted by the employers which followed, we affirmed the judgment. *Contes v. Metros,* 111 Colo. 561, 144 P. (2d) 782.

██ During the pendency in the courts of the latter proceeding, the employers filed with the commission the petition herein in concern, to reopen the case and set aside the award upon the the ground that its allowance was procured by fraud. In support they alleged that the claimant had testified before the commission, in effect, that he never had been "bothered" by a hernia previous to the alleged accident in 1940; that he had never told anyone he had had such "trouble" prior

thereto. As evidence of the falsity of these statements, they filed two affidavits of persons said to be disinterested, who averred, as a matter of fact, that claimant had a hernia in 1927 and had sought medical advice with respect thereto at that time. No counter showing by affidavit or otherwise was made by claimant. In due course, the commission, having reviewed the entire file and particularly the petition to reopen, found, and finally decided, that there was no sufficient showing of error, mistake or change of condition, to warrant reopening or reconsidering the case. As stated above, the district court affirmed the decision of the commission in an action instituted by the employers, and the latter are seeking a reversal of such adjudication upon the specification that in view of the uncontroverted showing of fraud said to have been made by the petition and affidavits, the commission abused its discretion in not conducting a hearing upon the petition to reopen. The legislative conference of authority on the commission to reopen a case in which an award finally has been made, is found in amended section 389, chapter 97, 1943 Cum. Supp. to '35 C.S.A. (c. 135 S.L. 1943). See, *Clayton Coal Co. v. Zak,* 94 Colo. 171, 29 P. (2d) 374. The power thus given to the commission to review an award is discretionary and the commission's action cannot be set aside by the courts except in the case of fraud or abuse of discretion. *Industrial Commission v. Lockard,* 89 Colo. 428, 3 P. (2d) 416; 90 Colo. 333, 9 P. (2d) 286; 91 Colo. 212, 13 P. (2d) 1117; *Mantor v. Industrial Commission,* 89 Colo. 90, 299 Pac. 11, and *Pollard v. Industrial Commission,* 95 Colo. 572, 37 P. (2d) 1093. See, also, *State Compensation Insurance Fund v. Industrial Commission,* 80 Colo. 130, 249 Pac. 653, cited in notes in 49 A.L.R., 456, and 72 A.L.R. 116. The circumstance, as appears from the record, that the charge of fraud here is directed to the initial award and not to the action of the commission in denying the motion to reopen, limits the judicial inquiry on review to the question of the alleged

abuse of discretion of the commission in so proceeding originally. It seems evident from the language of section 389, supra, that in considering the propriety of reviewing an award under its provisions the commission is not required to conduct a hearing to determine the validity of the facts recited in the petition therefor where in its opinion such facts, if accepted as alleged, would present no basis for reopening the final award. Obviously, from the record, such was the conclusion of the commission here.

As appears from what we have said, the alleged false testimony of the claimant on which the charge of fraud is predicated, was his denial in the course of the hearings on the claim, that he had ever had a hernia before the accident herein involved. It affirmatively appears from the recitals in our opinion in *Metros v. Denver Coney Island, supra,* page 42, that upon the occasion of the original hearing on the merits, conflicting evidence with respect to the pre-existence of claimant's hernia was received by the commission. Since, as we have mentioned above, the final award was based upon the record of such hearing, as well as upon supplemental testimony, it must be presumed that the commission considered this issue in reaching its decision to allow compensation. No showing whatsoever contrary to such presumption has been made by the employers in the record before us. In that situation the evidence of the persons making the affidavits offered in support of the petition to reopen, would merely be cumulative on this issue and, as such, would create no compelling basis for reopening the award. *Mantyla v. Industrial Accident Commission,* 130 Cal. App. 139, 19 P. (2d) 799.

A showing of conflicting evidence, with an allegation that some of it was false, when such facts were before the commission, presents no valid plea of fraud or basis for setting aside an award in a judicial review under section 382, chapter 97, '35 C.S.A. See, *Rogers v. Industrial Commission,* 94 Colo. 56, 28 P. (2d) 343, and

*Continental Co. v. Garcher,* 83 Colo. 239, 264 Pac. 723. Further, it must be concluded from a reading of the affidavit of John Krebardis, one of those offered in support of the petition to reopen, that long before the accident herein, he had informed the employers, in whose service claimant then was, of the alleged fact that claimant had a hernia in 1927, and of the circumstances surrounding its appearance. With such knowledge, the employers are in no position to insist on a reopening of the case to receive the newly offered testimony in the absence of a showing, here not attempted, of some valid reason why the witness was not called at the original hearing. See, *Mantyla v. Industrial Accident Commission, supra,* and *Moore v. Louisville Hydroelectric Co.,* 223 Ky. 710, 4 S.W. (2d) 701. Also, it is to be observed that the fact that claimant may have had a pre-existing hernia at the time of the accident herein involved, would not preclude an award of compensation for an aggravation of such abnormal condition arising from a second industrial accident. *Spirakoff v. Pluto Coal Min. Co.,* 105 Colo. 552, 100 P. (2d) 154.

In view of the foregoing factors, and in recognition of the well-established principle that to justify a court in interfering with the action of the commission in refusing to review an award, the showing of abuse of discretion "must be very clear indeed" (*Pollard v. Industrial Commission, supra*), we are unwilling to say that the district court erred in holding that no abuse of discretion by the commission had been made to appear.

The judgment is affirmed.

Mr. Justice Alter not participating.