No. 15,597.

SANTERLI ET AL. *v.* ROCKY MOUNTAIN FUEL
COMPANY ET AL.
(158 P. [2d] 927)

Decided April 16, 1945.   Rehearing denied May 14, 1945.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr.
DUKE W. DUNBAR, Deputy, BARBARA LEE, Assistant, for
plaintiffs in error.

Messrs. HAWKINS & HAWKINS, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE BAKKE delivered the opinion of the
court.

THIS is an industrial commission case in which claim-

ant, Paul Santerli, was originally awarded compensation for and on account of temporary total disability, and for a loss equivalent to five per cent as a working unit for permanent partial disability. Claimant received payment accordingly and thereafter filed a petition to reopen the claim alleging that his physical condition had changed in that it had become worse. The commission on its own motion found that the cause should be reopened. In its supplemental award it is stated that claimant was entitled to further compensation for permanent partial disability equivalent to five per cent additional as a working unit, and it was ordered that compensation be paid accordingly. In an action instituted in the district court, the award of compensation for increased disability was set aside. Claimant and the commission seek reversal.

The only question in the case, as we see it is: Was there sufficient competent evidence to sustain the additional award of five per cent entered by the commission?

Claimant, an employee of the Rocky Mountain Fuel Company, received an injury to his back on October 19, 1942, when he slipped on a wet tie while loading timbers. No question is raised concerning the injury. July 14, 1943, as above stated, he was awarded compensation on a basis of "permanent disability equivalent to 5% as a working unit." On the petition to reopen, filed April 29, 1944, the supplemental award recites, inter alia: "The referee further finds that there has been a change for the worse in claimant's condition, due to his accident, and that now his loss as a working unit is equivalent to 10%."

It is conceded that the granting of this increased compensation was based upon two letters which were admitted in evidence without objection, and cross-examination was waived in relation thereto. The letters were written by a physician, whose competency is not questioned, and read as follows:

"April 24, 1944

"In Re: Mr. Paul Santerli

"Gentlemen:

"The above named man presented himself to me for an examination on March 20, 1944, giving me the following history and showing the following signs:

"He states that in October 1942, while at work carrying timber, he slipped and fell, sustaining an injury of the lower back. Following the injury he has been unable to work because of the pain in his back, even when wearing a support that was fitted to him. He states that he has made several attempts to do his work, but always develops so much pain in his back from stooping and lifting that he is unable to continue working.

"On examination I find a very well developed and nourished man of 56 years. His general physical examination is entirely negative except his teeth show considerable caries and gum infection. His heart shows a faint murmur due to valvular disease.

"The contours of his back are normal, but there is a definite limitation of motion in all directions and there is some muscle spasm in both lumbar muscles. In the str   leg extension there is a pain in the sacro-ilic joints.

"Some X-Ray pictures that he has with him, taken February 24, 1944 show no bone injury but do show definite arthritic changes in the lower dorsal and lumbar regions.

"It is my opinion that this man sustained a sacro-ilic strain and a lumbo-sacrol strain at the time of his original accident and that his disability at present is due to the arthritic changes in the spine. I think his present disability amounts to 10% as a working unit.

"Very truly yours,

Walter K. Reed M. D."

"June 26, 1944

"Mr. Paul Santerli
2113 Bluff Street
Boulder, Colorado

Dear Sir:

"In regard to my letter of March 22, 1944 detailing your physical examination and my opinion as to your disability, I can add the following by way of explanation.

"Since the X-Rays show the definite bone changes of arthritis and your symptoms are those of arthritic condition on top of the sprain, it is my opinion that your accident has aggravated these arthritic changes, and is a definitely causative factor in these changes.

"Trusting this letter will sufficiently clarify my opinion, but if further explanation is needed, I shall be glad to furnish it to you.

"Very truly yours,

Walter K. Reed M D"

As evidence, all these letters amount to is, that the claimant suffered a strain; that his present disability of ten per cent is due to arthritic changes; that the accident aggravated these changes and was a causative factor therein. In so far as the duty of the commission to fix the percentage was concerned, these letters were no evidence upon which to base a further award, because they completely fail to make a segregation of the increased disability that was due to aggravation caused by the accident and that caused by the natural progress of the arthritis; therefore, the commission was without authority to find that all of the increased five per cent was due to the accident, which was the effect of its award. A sufficient distinction is apparent from the case of *Century Indemnity Co. v. Klipfel,* 99 Colo. 213, 61 P. (2d) 842, because in that case there were two accidents and the commission found that five per cent was contributed by each of two injuries—the "ten per cent dis-

ability as a working unit [was suffered] by reason of these two accidents," and the medical testimony was, that each accident aggravated the existing condition, i.e., the changes were caused by the accidents and apparently not by the progress of the arthritis.

Until there is competent testimony to show what per cent of the increased disability is due to the accident, the commission cannot "ascertain in terms of percentage the extent of general permanent disability which the accident has caused, * * * ." '35 C.S.A., c. 97, §357.

Under the circumstances this claimant is in no better position than was the one in *Young v. Industrial Commission*, 81 Colo. 106, 253 Pac. 826.

Accordingly, the judgment of the district court is affirmed.